CYRUS FERRIN *vs.* MOSES B. KENNEY.

A suit on the Rev. Sts. c. 104, commenced by a tenant at will against a person holding premises without right, abates by the death of the plaintiff, and cannot be prosecuted by his executor.

SHAW, C. J. This is a complaint commenced under a statute, (Rev. Sts. c. 104,) which is sometimes called the act respecting forcible entry and detainer, and sometimes the landlord and tenant act. Neither of these titles is sufficiently comprehensive to describe this act, because, as it now stands in the revised statutes, it embraces under one head the provisions of several previous statutes. This summary proceeding to regain possession of lands and tenements extends to three cases. 1. Where there has been a forcible entry. 2. Where there is a forcible detainer, after a peaceable entry. 3. Where the lessee, or one holding under him, shall have possession of the demised premises, without right, after the determination of the lease, either by its own limitation or by a notice to quit, as provided in Rev. Sts. c. 60, § 26. The process is to be brought (c. 104, § 4) by the person entitled to the possession, and the judgment, if the complainant prevails, is for the possession of the premises, and costs. § 7.

It appears that since the proceedings were entered in this court, being rightfully brought here by a bill of exceptions, which is a qualified appeal, the complainant, Cyrus Ferrin, has died, and his executor, Levi Ferrin, asks leave to come in and prosecute the suit. This is objected to, on the ground that no interest vests in the executor; that he could not, under the circumstances of this case, commence this process, and cannot, therefore, be permitted to prosecute it.

The facts which, as the executor insists, were proved by the evidence stated in the bill of exceptions, are, that the land belonged to the Hamilton Company; that one Leavitt, with their consent, erected the building which is the subject of the present complaint, so that he had an interest in it as personal property, and a tenancy at will of the land; that Leavitt mortgaged the building to the plaintiff, and afterwards made another mortgage of the same to other persons; that the plaintiff became tenant at will of the owners of the land, and entered under his mortgage; and that Kenney, the defendant, being the tenant in possession, attorned and agreed to become his tenant. The plaintiff gave notice to the defendant to quit, and he held over; and in this state of things, this process was commenced. There were other controversies, and claims of other mortgagees or their assigns, which it is not necessary to consider, in deciding this question.

The question is, supposing these facts all proved, and the title of the original complainant to the possession of these premises established, can his executor, he having deceased during the pendency of the process, come in and prosecute?

As a general test, an executor or administrator cannot come in and prosecute a suit, unless he was in a condition to commence a like suit, if it had not been begun by his testator or intestate. And it seems quite clear that he cannot so come in and prosecute, unless he is entitled, in his representative character, to have the fruits of the suit; that is, to have judgment, *qua* executor, for the subject matter of it. In this process, the subject matter of the suit is real estate, and the object, to obtain possession of real estate. The complainant, therefore, must have an interest as owner, or at least, as having a chattel real, as a term. If a tenant at will may be considered as having such chattel real whilst the tenancy lasts, it necessarily terminates with his own life, and cannot be transmitted to his successor, either heir or administrator.

The provision, under which the executor asks leave to come in and prosecute, is in Rev. Sts. c. 93, § 14. " In all

real and mixed actions, if the demandant shall die before final judgment, his heir may appear and prosecute the suit, in the same manner as if it had been originally commenced by him." This manifestly applies to the case of an heir, and not to an executor, and it must be in a real or mixed action, in which some estate of inheritance is demanded, some estate, for the recovery of which the heir, after the decease of such ancestor, could commence an action.

But suppose the laws allowing executors and heirs to come in, which have been greatly extended by late legislation, are broad enough to include all kinds of real and personal actions ; still the right must be limited to cases where the right to the subject matter of the suit vests either in the heir or personal representative.

Suppose the question asked, shall not the heir or executor be allowed to come in under this summary process, prescribed by statute for the relief of persons entitled to the present possession of real estate, whose right is resisted ? We think the question cannot be answered by a single affirmative or negative, but depends upon the nature of the complainant's right. He may be an owner in fee, and then the right of possession follows the right of property, and descends with it to the heir, who may then come in, and have judgment for the same interest which was claimed by the original complainant. Or he may be tenant for years, and so have a chattel interest in the term, which, with the right of possession, goes to the executor, and he may come in. But if his whole interest and title terminate with his own life, then no right is transmitted either to heir or executor, and neither can have a judgment, and the suit stands abated.

Such, we think, is the condition of the present suit. Cyrus Ferrin was himself but a tenant at will of the Hamilton Company, and all his right in the premises, as realty, was determined by his death.

If the Hamilton Company, as owners of the soil, should consent that the executor might still continue to keep the building on their land, and let it for the benefit of the estate,

this might make the executor tenant at will; but it would be a new right, acquired by the executor after the suit commenced. It would not be the same title, and the same right of possession, which the original complainant had and sued for, and therefore would not enable the executor to have judgment in the suit commenced by his testator.

Nor does it aid the executor's claim, that he became owner of the building. This he took merely as a personal chattel, as a mass of timber, boards and bricks, with a power to take them away, and to bring trover for them, if converted; but this right, of itself, gave him no right of possession of the realty.

The case of *Sacket* v. *Wheaton*, 17 Pick. 103, was cited as a case where a devisee was admitted to prosecute under a similar complaint. But it does not affect this case. There the complainant was tenant in fee of the premises, and the right both of freehold and possession passed immediately to his devisee. It may also be remarked in passing, that the case of *Sacket* v. *Wheaton* was brought on *St.* 1825, c. 89, § 1, extending this summary process to all cases where the tenant or occupant of any house or tenement should hold the same without right, after notice in writing to quit the same.

That act by its *title* purported, indeed, to be "an act providing further remedies for landlords and tenants;" but the *enacting words* went further, and authorized the summary process against any tenant or occupant, holding a house or tenement without right, after notice to quit, and therefore that process was used as a substitute for all other real actions. Whereas, by the Rev. Sts. c. 104, so far as they apply to the relation of landlord and tenant, the right is narrowed down to the case of a lessee, or some one under him, holding possession without right.

The court are of opinion that the motion of the executor to come in and prosecute the suit be overruled and the suit stand abated.

*Hopkinson*, for the plaintiff.

*J. G. Abbott*, for the defendant.