JOHN W. BRAEUEL et al., Appellants, v. JOHN F. REUTHER et al.

### Division Two, February 17, 1917.

1. **WILL CONTEST: Death of Contestants: Revivor: Abatement.** When a will contest has once been instituted by persons who have a direct pecuniary interest in the final determination of the question of whether or not there is a will, the burden of proving the will then rests upon the proponents, and the contest must go forward to a final adjudication; and if the contestants die, the action does not abate, and there is no absolute necessity of a revivor in the name of those who have a financial interest in the result, although upon proper application they may be substituted as contestants, but the administrators of the contestants are not proper parties.

2. ———: ———: ———: **Administrator.** Upon the death of the contestants of a will, their administrators should not be substituted as parties. An executor or administrator is not, under the statutes, an interested party to a will contest, either active or nominal. The statute limits the right of action to "persons interested in the probate of wills," and an executor or administrator is not such a person.

Appeal from St. Louis City Circuit Court.—*Hon Daniel D. Fisher,* Judge.

MOTIONS OVERRULED.

*Safford & Marsalek* for appellants.

*Morton Jourdan* for respondents.

WALKER, P. J.—Anna Zwingmann died in the city of St. Louis in April, 1912, leaving personal property therein. On April 23, 1912, there was admitted to probate in the probate court of said city a paper purporting to be her last will. In May, 1912, the plaintiffs herein, brothers of the deceased, brought suit in the circuit court of said city to set aside the will on the grounds of fraud, duress and mental incapacity of the testatrix to make a will. At the April term, 1913, of the circuit court of said city a trial was had therein resulting in a finding and a judgment that the paper so admitted to probate was the last will and testament of the said Anna Zwingmann. Thereafter plaintiffs perfected an appeal from said judgment to this court. The case was set for hearing on said appeal on the 19th day of October, 1916, and on that day was taken as submitted. It now appears that both of said plaintiffs are dead, one having died in May, 1915, and the other in July, 1916. On the 7th day of November, 1916, the deaths of the plaintiffs were suggested to this court and a motion was made to revive in the name of their administrator, who, as stated in said motion, had been appointed by the probate court of the city of St. Louis in October, 1916, but was not one of plaintiffs' former counsel in the contest proceedings. A motion to abate the action has been filed by counsel for respondent. These motions will receive consideration in their order.

It is necessary, under the statute (Sec. 555, R. S. 1909) to authorize an action to contest a will, that those who instituted same shall have a direct pecuniary interest in the final determination of the question as to whether the instrument is the last will of the decedent. We said this much in Watson v. Alderson, 146 Mo. l. c. 343, and expressive of the same conclusion but in different terms, it was said in State ex rel. v. McQuillin, 246 Mo. l. c. 691, that the statutory interest referred to must be a financial interest in the estate and one which would be benefited by setting aside the will; also in Teckenbrock v. McLaughlin, 246 Mo. l. c. 719, it was held that generally a direct pecuniary interest at the time of the probate of the will is a condition precedent

to the right to contest; and in Gruender v. Frank, 267 Mo. 713, the latest expression of this court on the subject, the language of the preceding cases as to what constitutes an interest within the meaning of the statute is quoted with approval.

The plaintiffs were the sole contestants. So far as the record discloses they were the only persons capable of inheriting from the decedent had she died intestate. The setting aside of the will, therefore, would have inured to their pecuniary benefit and as a consequence they were interested in the devolution of the property of the decedent to such an extent as to authorize them to institute the pending action. Plaintiffs' right to institute the action having been determined, what effect has their death pending the appeal upon this proceeding? If this action is in no wise different in its material features from the ordinary civil proceeding it will survive or continue, and may, upon compliance with our rules of procedure (Art. 10, chap. 21, R. S. 1909) applicable in such cases, be revived in the name of the party entitled to succeed plaintiff in the prosecution of the action. This follows from the language of the statute (Sec. 1916, R. S. 1909), which provides that "no action shall abate by the death, marriage or other disability of a party, if the cause of action survive or continue."

A proceeding to contest a will, however, is possessed of peculiar features; after the will has been probated an action questioning its validity casts upon those who claim under it the burden of proving it. Although the contestants who have brought the action may introduce no evidence and may even abandon the contest, the burden of proving the will still devolves upon those who would maintain it. While they are not required to prove a negative, they must prove the affirmative facts essential to the execution of a valid will. [Bradford v. Blossom, 207 Mo. l. c. 228.] From this ruling, which is but a reiteration of a like doctrine announced in many preceding cases, it follows that the question as to the survival or continuance of actions of this character in the event of the death of parties thereto is eliminated from

the equation. Upon the action being brought the parties thereto become of minor importance, the prime purpose of the proceeding being to determine whether there is a will or not. The importance of this concrete question being paramount, we might well content ourselves with the course that having regularly acquired jurisdiction we will, regardless of the parties and with indifference to the motions filed herein, review the record and render judgment thereon; but it is meet and proper that other questions submitted pro and con in regard to these motions be determined.

The appointment of the administrator of the estates of plaintiffs made below, and the motion filed here to revive in his name, was evidently upon the assumption or theory that in the absence of this course the action would abate. This result would not have followed, as we have shown, on account of the nature of the action and the purpose it seeks to effect. There being no abatement, the motion to revive was therefore without merit.

But viewed from another vantage than that which presents itself on account of the nature of the action, are there other reasons existent for the nominal substitution of the administrator for the plaintiffs?

The purpose of the appointment of an administrator is that he may manage and settle the estate of the intestate. The limit of his power is to be found in the statutes which authorize his appointment. An anaylsis of these statutes is pertinent. Under section 101, Revised Statutes 1909, the administrator is authorized "to commence and prosecute all actions which may be maintained and are necessary in the course of his administration, and defend all such as are brought against him." A will contest is clearly not within this class. It is in no sense a property right and is therefore not such an action as is authorized to be maintained by the administrator in the course of his administration within the meaning of the section quoted. Being a mere right of action a judgment in the administrator's favor would result in the recovery of nothing more than the establishment of the right. Such is the character of this right

that it is neither assignable nor descendible (Storrs v. St. Luke's Hospital, 180 Ill. 368), and as the administrator, if successful in maintaining it, would recover nothing tangible, it was not contemplated by the statute that he bring suit to establish it. As was aptly said by the Supreme Court of Ohio in discussing a correlative question: "An executor or administrator is not a necessary party where there are no debts and no personal property." [Andrews' Exrs. v. Andrews' Admrs., 7 Ohio St. 143.] This conclusion accords with reason and it was so held in Ligon v. Hawkes, 110 Tenn. 1. c. 521, in construing a statute of that state similar in all of its material features to that under review. An Illinois statute upon the same subject has received a like construction. [Staude v. Tscharner, 187 Ill. 19.]

Section 104, Revised Statutes 1909, provides that "executors and administrators shall prosecute and defend all actions commenced by or against the deceased, at the time of his death, and which might have been prosecuted or maintained by or against such executor or administrator." This section simply means that executors and administrators may prosecute and defend such actions as may have been brought by or against the decedent at the time of his death which might have been prosecuted or maintained by or against such executors or administrators. In other words, the class of personal representatives mentioned cannot under this statute prosecute and maintain actions unless they were in a condition to bring a like suit if it had not been brought by the deceased. [Ferrin v. Kenney, 51 Mass. 294; Schreiber v. Sharpless, 110 U. S. 76.]

Section 105, Revised Statutes 1909, cited by the movers of the motion to revive, has no application to the power of administrators in a case of the character here under consideration. This section authorizes administrators, under the conditions therein named, to prosecute and defend actions for torts to the property, rights or interests of the decedent.

There is therefore neither in the nature of the action to contest a will nor the statutes defining the power of ad-

ministrators any express authority conferred upon them to institute or maintain this character of action. In Teckenbrock v. McLaughlin, 246 Mo. l. c. 719, we said that the right to contest a will is statutory and that an interest in the probate of same is essential to the existence of this right. This has ever been the rule in this State. GANTT, J., speaking for this court, said in effect in Stowe v. Stowe, 140 Mo. l. c. 604, that "wills are creatures of the statute and that proceedings to set them aside are vested exclusively in courts of law and that this rule of construction has been adhered to by this court from Lyne v. Marcus, 1 Mo. 410, down to and including the case then under consideration." There has been no variance since in this conclusion. Courts elsewhere have reached the same conclusion. [United States v. Perkins, 163 U. S. 625; Kochersperger v. Drake, 167 Ill. 122.] The right of action to contest a will being purely statutory, it is therefore in derogation of the common law and hence subject to the rule that its provisions must be strictly construed. Thus construed the procedure prescribed, or in other words the rights granted and the powers conferred, must be limited to the express terms of the statute. Thus limited there is an absence of authority in an administrator to either institute or maintain a suit to contest a will.

If, however, another well established rule of statutory construction be invoked, viz., that remedial statutes are to be liberally construed (Rozelle v. Harmon, 103 Mo. 339, 12 L. R. A. 187) and it be conceded that the statute in regard to the contest of wills is within this class, then upon a reference to its express terms we find that "only persons interested in the probate of wills" can be made parties to contests of same, and bearing in mind the character of this interest, as frequently defined by this court, the conclusion follows that although the statute may be remedial in its nature and hence subject to liberal construction, such construction cannot extend beyond its plain terms (Caldwell v. Renfro, 99 Mo. App. 376), which limit the right of action to those named.

A persuasive ruling in support of this conclusion is to be found in the determination of an analogous question

in the case of In re Estate of Soulard, 141 Mo. 642. There the court, in passing upon the question as to the liability of an estate for expenses incurred in a will contest, said in effect that "the executor of a will is entitled to be reimbursed out of the estate for necessary expenses incurred by him in having the will probated, but expenses incurred in the circuit court growing out of a contest of the will should be paid by the parties interested in that proceeding, viz., the heirs or the legatees." If the estate is not to be burdened, as is held in this case, with expenses of litigation of this character, it would seem to follow that the executor or administrator should not be made even a nominal party. His presence in the proceeding adds nothing to its progress or purpose; and, to employ a homely simile, he would constitute "a fifth wheel" in the chariot of procedure.

The rulings of courts of last resort in other jurisdictions in similar cases add force to the correctness of the conclusion here announced. In Diffenderffer v. Griffith, 57 Md. 81, the court held, in a case involving the validity of a will, that the trial court upon the suggestion of the death of one of the contestants had no power to substitute a new party in the place of the deceased, but that the survivor could effectively proceed in the trial of the issue; that the right to prosecute a suit to contest a will did not devolve upon the executor or personal representative of the deceased, because the latter's right in this regard was purely personal and died with him; and that it was not incumbent upon the personal representative to participate in the proceedings, so far as any duty to the estate of the deceased was concerned. This ruling was based on the absence from the Maryland code, as is the case here, of any authority for substituting parties to suits in proceedings of this character. In California various phases of the question here involved have received consideration. In Roach v. Coffey, 73 Cal. 281, it was held that an administrator cannot represent either side of a contest between heirs, devisees or legatees contesting the distribution of the estate. In the case of In Re Sanborn, 98 Cal. 103, and

270 Mo.—39

that of In Re Hickman, 101 Cal. 609, the court held that an administrator, as such, has no interest in the estate other than to discharge the duties devolving upon him under the law. In Bates v. Ryberg, 40 Cal. 463, which is cited with approval in the Matter of the Estate of Marrey, 65 Cal. 287, the court held that an executor cannot maintain an appeal from an order of distribution of the assets of an estate on the ground that the property was improperly divided between the legatees. In the case of Storrs v. St. Luke's Hospital, 75 Ill. App. 152, it was held that the right to contest a will should be limited to persons interested therein; that this was a personal privilege and when they died the effective force of the statute, so far as they were concerned, died with them; that it did not descend to their heirs nor survive to their administrators (citing cases).

Our conclusion being evident that the substitution of an administrator is not necessary in the event of the death of a contestant in cases of this character, the question naturally arises as to who will represent the interests of such contestants in the event of their death pending a proceeding, as in the case at bar. We have heretofore indicated in discussing another phase of this matter that such representation is not necessary. The purpose of the proceeding is to determine whether or not there is a will. The contestants under our law are mere instruments in effecting this purpose, and the suit having been brought by them cannot be dismissed, but must be finally determined although the contestants acted voluntarily in the first instance in bringing the action. Having so acted their powers cease except to see that the proponents establish the will. Whether, however, they see to this or not is a matter of indifference, because the action having been begun the duty devolves upon the trial court to see that it is finally determined, and this rule has a like application when cases of this character reach this court upon appeal. From this it follows that the motion to revive in the name of the administrator should be overruled.

The reasons stated in support of this conclusion are a sufficient answer to the motion filed by respondents here-

in that the action should abate. Even if the action had been improperly brought so far as the parties plaintiff were concerned, we have held that proper parties in interest might be substituted therefor on the ground that such substitution did not change the nature of the action but simply properly submitted the issues for the court's consideration. It was so ruled in the case of Lilly v. Tobbein, 103 Mo. 477. The motion to abate is therefore overruled.

Under the ruling in the Lilly-Tobbein case others who have such an interest in the probate of the will herein as is defined by the statute may, upon proper application therefor embodying a satisfactory showing of such interest, be made parties plaintiff hereto; but whether such application is made or not the court having acquired jurisdiction will finally determine the matter at issue. All concur.