# F. A. BOSTICK, Appellant, v. J. S. McINTOSH.

### Division Two, June 3, 1919.

1. **ABATEMENT: Death of Defendant: Revivor.** An action against a defendant who has died after suit brought which is not revived by *scire facias* on or before the third term after the suggestion of his death, must abate. Section 1921, Revised Statutes 1909, operates as a special statute of limitations, to which there is no exception.

2. ————: ————: ————: **No Timely Service.** Although the death of defendant was suggested and an order entered of record that summons issue to his administratrix to show cause, on or before the next term, why the case should not stand revived against her, yet if no summons was served or issued on or before the third term after deceased's death was suggested, the case must be dismissed. The statute is mandatory, and the court is prohibited from granting any relief, even when the clerk fails to obey the order, unless *scire facias* has been timely issued and served.

3. **SUMMONS: For Administratrix: Served by Name Only.** A service of summons upon an administratrix by her name only, and not as administratrix, is not a proper service to revive a suit against her deceased husband. A sheriff's return defective in that respect may, by timely motion in the trial court, be amended to show service upon her as administratrix, if such was the fact, but on appeal the court takes the record as it finds it.

4. ————: **Order: Failure to Issue.** It is the duty of plaintiff's attorney, who has suggested defendant's death and asked for and obtained an order for summons to issue against the administratrix to show cause why the case should not be revived against her, to see that the writ is issued, that it is served upon the proper person, and that the sheriff's return is in proper form. If the clerk neglects to issue the writ in obedience to the order, the negligence is not his alone, but his and that of plaintiff's counsel.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,*
Judge.

AFFIRMED.

*Ed. E. Aleshire* for appellant.

(1) This case is based upon Sections 1916, 1917, 1918, 1919 and 1921, Revised Statutes 1909. These sections state fully the steps necessary to revive a case after the death of a party. There seems to be no controversy but what the death of defendant was suggested in due time and notice given to take up the motion for disposition and the final order of the court made on April 12, 1915. It does seem that after Judge Creel, who is now dead, and had charge of this case, took the preliminary steps and suggested the death of defendant, and upon hearing the court made an order, directing the clerk to issue a summons as provided by statute, and though this was not done, it was not under the control or the jurisdiction of plaintiff or his attorney. We always supposed it was a legal duty of the clerk of the court, when directed by an order of the judge, to issue a summons, that in making up a record he had full notice of it, and certainly nothing further would be needed from the plaintiff. We have always understood the law to be that the filing of the petition or an order was the beginning of a suit, and if, as this case, the record was made, that a summons issue, and, if for any reason, not chargeable to the plaintiff or his attorneys, the summons was not issued, then certainly the Statute of Limitations would not begin to run, as plaintiff has done all that he can do when he gets an order of the court requiring a clerk to issue a summons. Sec. 1756, R. S. 1909;   South Missouri Lumber Co. v. Wright, 74 Mo. 326.

*Ross B. Gilluly* for respondent.

(1) The statute rendered it mandatory upon the trial court to sustain our motion. Rutherford v. William's Legal Representatives, 62 Mo. 252; Beardslee v. Morgner, 73 Mo. 22;   Prior v. Kiso, 96 Mo. 314. (2) The reason for the failure to comply with the statute

is immaterial, if as a matter of fact it was not complied with.

RAILEY, C.—It appears from the abstract of record that plaintiff sued defendant in the Circuit Court of Jackson County, on August 27, 1914, to recover $10,000 damages, but we are not advised as to the nature of the transactions between said parties, as only a small portion of the petition is set out in the record.

While the action was pending against defendant, and on April 8, 1915, plaintiff filed in said cause a statement in writing, advising the court that defendant had died in ˙December, 1914; that Marion N. McIntosh, defendant's wife, was executrix of his estate, in process of administration in the probate court of said county, at Kansas City, Missouri. He asked that the cause be revived against Marion N. McIntosh, executrix of the estate of J. S. McIntosh, deceased, and that she be cited to show cause why the case should not stand revived against her as executrix of said estate.

Notice was given to the former attorney of defendant, that the above motion would be called up for disposition on April 12, 1915.

On said April 12, 1915, the following order was made:

"*F. A. Bostick v. J. S. McIntosh.*

"Now on this day on application of plaintiff it is ordered by the court that summons be issued to Marion N. McIntosh, as executrix of the estate of the defendant, J. S. McIntosh, to show cause on or before the 4th day of the next term of this court why this cause shall not stand revived against her as executrix of the defendant."

"It appears from the clerk's record that the summons ordered to be issued never was issued, hence never was served on Mrs. McIntosh, the executrix."

It is alleged in the abstract that James R. Creel, a member of the firm of Moore & Creel, had entire charge

of this case, and died in Kansas City, Missouri, on May 2, 1916.

On June 6, 1916, Ross B. Gilluly, attorney for the executrix, filed a *special* motion to dismiss for want of jurisdiction. Counsel for the executrix appeared *specially for that purpose only, for no other purpose,* and disclosed to the court that defendant died December 17, 1914; that his death was suggested by plaintiff on April 8, 1915; that on April 12, 1915, an order was entered by the court directing that summons issue to Marion N. McIntosh, as executrix of the estate of John S. McIntosh, deceased, to show cause, on or before the 4th day of the next term, why the case should not stand revived against her. Counsel, in the special motion, represented that said executrix had never been served with summons, as required by law, and that more than three terms of the circuit court, in which the cause was pending, had passed since the suggestion of the death of said defendant herein; that said circuit court, by reason thereof, had no further jurisdiction of the cause. She therefore asked that the case be dismissed.

Counsel for plaintiff waived service on the special motion of executrix, which was taken up by the court on June 12, 1916, but before it was passed on by the court, to-wit, on June 15, 1916, a writ of summons was issued, which said writ, with the return of the sheriff thereon, reads as follows:

"Circuit Court.—Summons.

"Revival.

"The State of Missouri, To the Sheriff of Jackson County, Greeting:

"You are hereby commanded to summon Marion N. McIntosh as executrix of estate of J. S. McIntosh, deceased, to appear in the Circuit Court of Jackson County, Missouri, at the County Court House in Kansas City, on the second Monday in September next, and show cause, if any she has, why the action hereafter named shall not be revived in her name as representative and

successor of J. S. McIntosh, deceased, and unless she show good cause, within the first four days of said term, against the order of revivor heretofore made by our said court, in the cause wherein F. A. Bostick et al. are plaintiffs, and J. S. McIntosh is defendant, the action shall stand revived.

"And that you then and there have this writ and that you certify how you execute the same.

"Witness, James B. Shoemaker, Clerk of the Circuit Court, with the seal thereof affixed, at office in Kansas City, Missouri, this 15th day of June, A. D. 1916.

"JAMES B. SHOEMAKER, Clerk,

"(Seal)       "By D. M. McCLANAHAN, Deputy.

"Executed this writ in Jackson County, Missouri, on the 15th day of June, 1916, by delivering a copy of this writ to the within named defendant, Marion N. McIntosh.

"EDWARD N. WINSTANLEY, Sheriff,

"By E. R. SCOVILL, Deputy."

On June 23, 1916, said special motion to dismiss was sustained and judgment entered accordingly. Plaintiff duly appealed the cause to this court, and assigns as error, the action of the trial court in dismissing said cause.

I.  It is contended by appellant that the trial court committed error in dismissing his case under the circumstances heretofore stated. In passing upon this question, it will be necessary to consider the legal effect of Section 1921, Revised Statutes 1909, which reads as follows:

Abatement.

"In all cases where the representatives of a deceased or disabled party shall not be made parties according to the provisions of this article, on or before the third term after the suggestion of the death or disability, the action shall abate as to such party and the interest of his representatives or successor therein; and the cause shall proceed in favor of or against the sur-

vivors.  In case there be no surviving plaintiff or defendant, the suit shall be dismissed.''

The above was known in Revised Statutes 1899 as Section 761; in Revised Statutes 1889, as Section 2201, and in the General Statutes 1865, page 679, as Section 6.  In the latter section, the word ''chapter'' is used instead of ''article.''  In all other respects, there has been no change in the law relating to this subject since 1865.

In Ranney v. Bostic, 15 Mo. l. c. 218, RYLAND, J., in discussing the subject before us, construed the Law of 1845, which reads as follows:

''No *scire facias* for the purpose of substituting a person as plaintiff or defendant in any suit in the place of the original plaintiff or defendant, shall be sued out after the expiration of the third day of the second term next after the term in which the death or disability of the original party shall be stated upon record.''

Judge RYLAND, after setting out said section, said: ''It was by virtue of this provision, that the court sustained the motion to abate this suit.  In this case there was no necessity for the motion to abate, for by the statute above quoted the *scire facias* could not issue after the lapse of the time mentioned, and the necessary consequence was the abatement of this suit.''

The above language is clear and explicit, as to the construction which should be given Section 1921, Revised Statutes 1909.

In Rutherford v. Williams' Legal Representatives, 62 Mo. l. c. 254, HOUGH, J., construed the law, in its present form, as follows:

''The statute, in relation to the abatement of suits and their revival, is in the nature of a special Statute of Limitations, and, after the expiration of the time therein limited, no writ of *scire facias* can issue; and it is very questionable whether heirs, devisees or creditors, would be bound by any appearance on the part of an administrator, after the lapse of such period.

"No provisions are made for extending the time so limited under any circumstances; the language of the statute seems to be imperative, and we are not now prepared to say that there are any exceptions to its requirements. . . .

"The records, showing that no appearance had been entered within the time prescribed by law, were open to the inspection of all, and it would have been prudent under the circumstances to have consulted them."

In Doering v. Kenamore, Admr. 36 Mo. App. 1. c. 150, BIGGS, J., said: "The statute is imperative and provides that *the suit shall be dismissed* unless the law has been complied with. Any order that the court might make after the expiration of the time, looking to the further prosecution of the suit, would bind no one."

In Mathewson v. St. Louis & S. F. Ry. Co., 44 Mo. App. 1. c. 98, THOMPSON, J., in discussing the statute under consideration, said: "This provision is in the nature of a special statute of limitations, and after the expiration of the period limited, there can be no *scire facias*, and consequently no revivor."

The principles of law announced in the foregoing quotations are recognized as sound in other cases in this State. [Gallagher v. Delargy, 57 Mo. 1. c. 34-5; Beardslee v. Morgner, 73 Mo. 22-24; Prior v. Kiso, 96 Mo. 303-314; Posthlewaite v. Ghiselin, 97 Mo. 1. c. 424; Crook v. Tull, 111 Mo. 1. c. 287-8; Edwards v. Watson, 258 Mo. 1. c. 637-8; Mathewson v. St. Louis & S. F. Ry. Co., 44 Mo. App. 1. c. 98; Wilkinson v. Thom, 194 Mo. App. 173.]

We have not been cited to any authority in this State, or elsewhere, which in any manner militates against the position assumed by the courts in the cases heretofore mentioned. Section 1921, supra, has been upon our Statutes in substantially the same form since 1845. The General Assembly, during all these years, has apparently been satisfied with the construction placed upon said law, by our appellate courts. In our opinion, Section 1921, supra, was intended to operate as a special

Statute of Limitations; and to *prohibit* the revival of the action under such facts as are disclosed by the record herein.

II.   It is conceded by appellant that no summons was issued or served on the executrix within the time required by Section 1921, supra, but, it is insisted that as the order was made and entered of record to show cause, although it was not served in time, and not until
**Service.** after respondent's motion to dismiss was filed, yet the court, as a matter of justice, should revive the action under such circumstances.   Two obstacles are in the way of granting such relief:  First, because Section 1921, supra, is a special Statute of Limitations, mandatory in its terms, prohibits the court from granting any such relief, and requires that the action shall be dismissed; and, second, the return on the untimely writ shows on its face that *Marion N. McIntosh* was served with a copy of same, but it does not appear that she was served as *administratrix*.  [Blodgett v. Schaffer, 94 Mo. 652; Doering v. Kenamore, Admr., 36 Mo. App. l. c. 149; Smoot v. Judd, 184 Mo. 508; Ellis v. Nuckols, 237 Mo. l. c. 294-5.]  It is possible that the sheriff may have made a mistake in certifying that "Marion N. McIntosh" was served with a copy of the writ, instead of *Marion N. McIntosh, administratrix.*  If so, by timely motion in the court below, the return might have been amended, but taking the record as we find it here, it does not show that the administratrix was served.

III.   Appellant concludes his brief as follows: "There is one thing certain, the clerk did not comply with the order of the court and if plaintiff is
**Defeasance of Clerk.** to suffer by the negligence of the clerk then we do not think that he has been justly dealt with."

Aside from either of the foregoing questions discussed, there is no merit in the above contention.  Plaintiff was represented by his attorneys in securing an order for the issuance of a writ of *scire facias,* against

the administratrix. The attorneys, in contemplation of law, were his agents, and obtained the above order. They were bound to know, as a matter of law, that Section 1921, supra, required the writ to be *issued* and *served* on the administratrix within the time mentioned therein. It was the duty of plaintiff's counsel, in the exercise of reasonable diligence, to see that the writ of *scire facias* was properly issued; that it was served upon the proper person, and that the sheriff's return was in proper form. It may be conceded that the clerk was negligent in the performance of his duty, yet plaintiff's counsel were likewise negligent in failing to perform their part of a common duty, even if the statute had authorized—which it does not—the court to revive the action out of time for good cause shown.

IV. On the record before us, the judgment of the trial court was for the right party, and it is accordingly affirmed. *White* and *Mozley, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.