HAZLETT KYLE CAMPBELL, Formerly a *Non Compos Mentis*, and JOHN McNICKLE, a Minor, Heir of HAZLETT KYLE CAMPBELL, by PAUL S. LIMERICK, His Curator, Applicant for Writ of *Scire Facias* to Revive Cause, Appellant-Petitioner, v. ST. LOUIS UNION TRUST COMPANY, a Corporation, and ALLEN C. ORRICK, Executors of the Estate of HUGH CAMPBELL, and ST. LOUIS UNION TRUST COMPANY, a Corporation, ALLEN C. ORRICK, Trustees, etc.; BELLEFONTAINE CEMETERY ASSOCIATION, a Corporation, MARTHA SIEBKE, MARY BOERSTE, AUGUST H. MEYER, AUGUST HERMAN MEYER, Trustee of ADOLPH FURMAN, Under the Will of HUGH CAMPBELL; AUGUST HERMAN MEYER, Trustee of HARRY FURMAN, Under the Will of HUGH CAMPBELL; ADOLPH FURMAN, HARRY FURMAN, FRANK HAVINNATTI, and the Unknown Living Children and Heirs of MRS. BETTIE OTEY ANDERSON and YALE UNIVERSITY, a Corporation.— 139 S. W. (2d) 935.

Court en Banc, May 7, 1940.

*Harry Troll, J. A. Henderson* and *C. J. Neudeck* for John McNickle, a Minor, by Paul S. Limerick, His Curator.

*Daniel N. Kirby* and *Harry W. Kroeger* for St. Louis Union Trust Company and Allen C. Orrick, Executors and Trustees; *Frank H. Fisse* for August H. Meyer, August Herman Meyer, Trustee for Adolph Furman, and August Herman Meyer, Trustee for Harry Furman.

204

*Jacob M. Lashly* for Yale University.

DOUGLAS, J.—This is an action to contest the will of Hugh Campbell, who died in St. Louis on August 6, 1931. He left as his sole heir his brother Hazlett Kyle Campbell. Shortly after Hugh's death Hazlett Campbell was adjudged to be *non compos mentis*, and was placed under guardianship by the probate court. His guardian, Anton Schuler, in accordance with an order of the probate court instituted this action in his behalf. Except for the will of Hugh Campbell, Hazlett Campbell would have inherited Hugh's estate worth hundreds of thousands of dollars. While this action was still pending Hazlett Campbell died intestate on March 27, 1938. At that time another phase of this case was pending in this court. [See Campbell v. St. Louis Union Trust Company et al., 343 Mo. 1041, 124 S. W. (2d) 1068.] We remanded this case for trial. On May 22, 1939, the day the case was set for trial in the circuit court, the death of Hazlett Campbell, the plaintiff, having been previously suggested, John McNickle, the appellant, as an heir of Hazlett Campbell, filed a motion for revivor asking to be substituted as a party plaintiff. He asked that a writ of *scire facias* be issued ordering the defendants to show cause why this case should not stand revived in his name. His ground was that upon Hazlett Campbell's death, this cause of action survived to him and the other heirs of Hazlett Campbell. After hearing arguments, the court refused to issue the writ and McNickle has appealed. Further proceedings in the circuit court were interrupted by McNickle's application to this court for a writ of prohibition to stop the proceedings until this appeal was disposed of. The writ was denied. Then he made an application to this court for a writ of mandamus to compel the circuit court to sustain his motion for a writ of *scire facias* and for a hearing on the matters of revival and substitution. We refused to issue the writ of mandamus.

Thereafter the trial proceeded on the issue of will or no will and after hearing evidence the court entered its judgment sustaining the will. The appellant has filed in this court an application for special appeal from the latter judgment. Our ruling on this application will turn on our ruling on his appeal from the order refusing to substitute him as party plaintiff which we shall now consider.

The question for decision is whether the right of action of Hazlett Campbell to contest his brother's will descends upon his death to his heirs, in this case to the appellant.

The right to contest a will is entirely dependent upon statute although such a proceeding has been said to be analogous to the probate of a will "in solemn form" under the English Law. [Watson v.

Alderson, 146 Mo. 333, 48 S. W. 478; State ex rel. Damon v. McQuillin, 246 Mo. 674, 152 S. W. 341; Braeuel v. Reuther, 270 Mo. 603, 193 S. W. 283.] This has always been the established rule in this State. The statute (Sec. 537, R. S. 1929, Ann. Stat., p. 326) permits "any person interested in the probate of any will" to contest it within one year after the date of its probate or rejection.

The interest required of a contestant must be a direct pecuniary one and in the probate of the will rather than in the estate. [Jensen v. Hinderks, 338 Mo. 459, 92 S. W. (2d) 108.] Furthermore, this interest must exist at the time of the probate of the will. [Teckenbrock v. McLaughlin, 246 Mo. 711, 152 S. W. 38.]

From the pleadings in this case it is apparent that outside of the other legatees named in the will of Hugh Campbell the only person who had an interest in its probate was Hazlett Campbell, the sole heir. At the time of the probate of the will and so long as Hazlett Campbell was alive the appellant had no direct pecuniary interest in its probate. Therefore, at the time the appellant sought to be substituted, whatever right he then had to contest the will as shown by the pleadings could only have come to him after Hazlett Campbell's death and as his heir. Can the appellant step into his shoes and pursue this right? We hold that he cannot because this right of action conferred by the statute is personal to the persons contemplated therein. It is not a property right which descends to heirs but dies with the person. It is neither assignable nor descendible. We have so held in Braeuel v. Reuther, 270 Mo. 603, 193 S. W. 283. The decision in that case relies on the case of Storrs v. St. Luke's Hospital, 180 Ill. 368, 54 N. E. 185, which construes a statute of Illinois which then was similar to ours, under facts similar to the facts in this case. There the court found that the right to contest a will was not assignable and could not pass by inheritance or descent. Then the court found that the appellant had no interest at the time of the probate of the will which would entitle him to contest its validity at that date and held that he, the son, did not inherit such right upon the death of his father so that his suit could not be maintained. Following these principles are Selden v. Illinois Trust & Savings Bank, 239 Ill. 67, 87 N. E. 860; Cain v. Burger, 219 Ala. 10, 121 So. 17; Ex parte Liddon, 225 Ala. 683, 145 So. 144. In line with such ruling these cases all hold to the effect that the heirs or personal representatives cannot be substituted upon the death of the person entitled to contest. In other states the statutes have made specific provision for the continuance of a will contest by or against the representatives or successors in interest of a deceased party. Our statutes on wills contain no such specific provisions.

We have statutes applying generally to the subject of abatement and revival (Sec. 891 et seq., R. S. 1929, Ann. Stat., p. 1173 et seq.) which provide that no action shall abate if the cause of action survives. One

of the tests to determine whether a cause of action survives or abates is whether or not it is assignable. If it is not assignable it does not survive. [1 C. J. S., sec. 132; Ingersoll v. Gourley, 72 Wash. 462, 130 Pac. 743.] As above stated this cause of action is not assignable. Therefore if this action had been known to the common law, it would not have survived. Consequently these general statutes do not cover this action.

Even though the cause of action does not survive, the action itself does not abate because of the death of the contestant. Again in Braeuel v. Reuther, supra, we said: ". . . that the question as to the survival or continuance of actions of this character in the event of the death of parties thereto is eliminated from the equation. . . . There being no abatement, the motion to revive was therefore without merit." Whether a court is divested of jurisdiction of a case by the death of a party depends to some extent on the nature of the case. [Newman v. Weinstein et al., 230 Mo. App. 794, 75 S. W. (2d) 871.]

We have held a will contest to be a proceeding of a singular nature. It is *sui generis*. [Turner v. Anderson, 260 Mo. 1, 168 S. W. 943; Teckenbrock v. McLaughlin, 209 Mo. 533, 108 S. W. 46.] Under our practice it is a proceeding *in rem*, operating directly upon the will—the *res*. [Benoist v. Murrin et al., 48 Mo. 48; Bradford v. Blossom, 207 Mo. 177, l. c. 228, 105 S. W. 289.]

A will contest, properly instituted, may not go out of court without a judgment in solemn form probating the will or refusing to probate it. This has long been settled in this State. [McMahon v. McMahon, 100 Mo. 97, 13 S. W. 208, and cases cited.] Again quoting from Braeuel v. Reuther, supra: "The purpose of the proceeding is to determine whether or not there is a will. The contestants under our law are mere instruments in effecting this purpose, and the suit having been brought by them cannot be dismissed, but must be finally determined although the contestants acted voluntarily in the first instance in bringing the action. Having so acted their powers cease except to see that the proponents establish the will. Whether, however, they see to this or not is a matter of indifference, because the action having been begun the duty devolves upon the trial court to see that it is finally determined, and this rule has a like application when cases of this character reach this court upon appeal. From this it follows that the motion to revive in the name of the administrator should be overruled."

Watson v. Alderson, 146 Mo. 333, 48 S. W. 478, relied on by appellant, offers no conflict with our findings. It held that a judgment creditor, who acquired upon execution whatever interest and title an heir had in the testator's land, was also within the terms of the statute permitting a will contest and shared with the heir the right to contest the will. In no wise was it held that by the execution the heir had lost his right to contest the will. It is important to observe

that in this case the interest of the judgment creditor had already attached before the will was probated so that he was an interested party at the time of the probate. Hamner v. Edmonds, 327 Mo. 281, 36 S. W. (2d) 929, is subject to the same distinction because its decision is based on the Watson case. There, a widow had acquired from her deceased husband a vested estate in land which estate was subject to being divested and was divested by the testator's will. She possessed such estate or interest at the time the will was probated. It was held that the possession of her estate brought her within the terms of the statute. The decision in the Watson case was by a divided court. There is a lack of harmony in the decisions of other jurisdictions on the same subject. However, it is not in point here and consequently we are not called upon to pass upon its soundness. We might add that Ingersoll v. Gourley, 72 Wash. 462, 130 Pac. 743, L. R. A. 1918A, 477, is misleading on the effect of its holding. Nor does Lilly v. Tobbein, 103 Mo. 477, 15 S. W. 618, offer any aid to appellant. That case held that a proper person to a will contest may be added as a party plaintiff by an amended petition. Abatement and revival were not discussed.

The appellant contends that under the statute he was entitled as a matter of course to the issuance of a writ of *scire facias* and after its issuance to a hearing on the question of his right to revive and continue the action. Section 893, R. S. 1929, Ann. Stat., p. 1178, provides that if a cause is not revived by consent then its revival shall be conditioned on the right of the other parties to show cause against the revivor. His position is not sustained by his authorities. The provision of the statute on which he relies appears to be for the benefit of the other parties. The circuit court may exercise its judicial discretion in issuing the writ. In Bostick v. McIntosh, 278 Mo. 395, 213 S. W. 456, we held that after the time limited in the statute no such writ could issue. Certainly the court therefore has the right to determine if the application is timely. It may also determine other factors necessary to its proper issuance upon application being made. To issue a writ on an application which discloses a lack of authority to do so would be a useless thing. [State ex rel. Tate v. Sevier, 334 Mo. 771, 68 S. W. (2d) 50.] Appellant, so the record shows, had a hearing on his motion which was vigorously argued on both sides. The court committed no error in not issuing the writ. Under the law and the pleadings the appellant was not entitled to be substituted as a party plaintiff and his motion to revive was without foundation.

Appellant raises the constitutional questions that he has been denied due process, equal privileges and the right to trial by jury under the Constitutions of the United States and of Missouri.

We have held that where no property right is involved, it cannot be said that a denial of a right to sue violates the due process pro-

tection afforded by the Constitutions. [Dickey v. Volker, 321 Mo. 235, 11 S. W. (2d) 278. And see Fox River Paper Co. v. Railroad Comm., 274 U. S. 651.] Furthermore, a hearing was afforded. A judgment may be erroneous yet rendered in due process of law. [De-Voto v. DeVoto, 326 Mo. 511, 31 S. W. (2d) 805.] The right to trial by jury under the Federal Constitution applies only to trials in the United States Courts. [Pearson v. Yewdall, 95 U. S. 294.] Our Constitution "merely guarantees the continuance of the common law right of trial by jury." [Bates v. Comstock Realty Co., 306 Mo. 312, 267 S. W. 641.] In this action there was no common law right to trial by jury. There are no constitutional questions in this case.

In view of the conclusions we have reached we need not discuss the other points raised. Holding, as we do, the appellant has no interest in this litigation, he is in no position to complain about the failure of parties defendant.

Appellant's request, in which his sister, Florence, also as an heir of Hazlett Campbell has joined, for a special appeal from the judgment sustaining the will is governed by Sec. 1023, R. S. 1929, Ann. Stat., p. 1303. The parties have submitted to us the complete record of the entire case including the bill of exceptions. In conformity with the statute we have examined this record for error committed by the trial court against the applicants and find none. There being no error, neither the appellant nor his sister can be said to be aggrieved by such judgment. The application for a special appeal from that judgment is denied. In view of our dismissal of the application for special appeal, we cannot consider respondents' motions to affirm that judgment.

The judgment of the trial court dismissing appellant's motion to revive and for substitution as a party plaintiff is affirmed. All concur.