**Helen S. CLAIR, Appellant,**

v.

**Kent E. WHITTAKER et al.,
Respondents.**

**No. 59916.**

Supreme Court of Missouri,
En Banc.

Nov. 14, 1977.

Michael J. Gallagher, Kansas City, for appellant.

C. Brooks Wood, Kansas City, for respondents.

SEILER, Judge.

In this case we are called upon to interpret amended § 473.340, RSMo, Supp. 1975, which was enacted by the legislature in 1973, repealing former §§ 473.343–357, RSMo 1969, dealing with the jurisdiction of and procedure in actions in probate court for the discovery of assets. Specifically, we are asked to decide whether the jurisdiction of the probate court under § 473.340 encompasses a challenge by a residuary legatee to the validity of an inter vivos contract for the sale of personal property to which decedent's estate would otherwise be bound.

Plaintiff-appellant Helen S. Clair (who will hereafter be referred to as plaintiff) alleges herself to be the sole legatee and devisee under the last will and testament of decedent Joseph Hampton Robinson, filed in the probate court of Jackson County, Missouri. The will was admitted to probate and letters testamentary were issued. Decedent Robinson was the owner of a majority interest of the shares of common stock of two corporations; owning 4,905 shares in Robinson Shoe Company, a Missouri corporation, and 7,018 shares in Robinson Kansas Shoe Company, Inc., a Kansas corporation. Said shares, inventoried among the Robinson estate assets, were the subject of a petition filed in the probate court by defendant-respondent executor Kent E. Whittaker (who will hereafter be referred to as defendant) for a proposed sale of said stock to the two respective corporations under purported stock redemption agreements which, it is claimed, obligate the executor so to sell the inventoried stock.

Plaintiff's petition alleged that the two purported agreements between the decedent and the two corporations were void and unenforceable for several specific reasons, among them that the performance of the stock redemption contracts would effect a fraud on creditors, that it would be an unreasonable restraint on alienation of the subject stock, that the execution of said contracts were ultra vires acts by the two respective shoe corporations, and that the contracts were neither executed in accordance with the statute of wills nor effectively incorporated by reference into the decedent's will.

Plaintiff's petition was dismissed by the circuit court of Jackson County, after which, during the pendency of this issue on appeal to the court of appeals, Kansas City district, plaintiff Clair died. One John J. Gaudio then moved to be substituted as the party appellant in the court of appeals, Gaudio being the deceased plaintiff's personal representative in probate proceedings in the state of Colorado. In response to this motion, defendant moved that the action be abated, arguing that legatee Clair had no property interest in the stock, and since at common law and by subsequent statutes only actions for injury to property rights survive, the proceeding brought by Clair under § 473.340 remained personal to her and did not survive.

The court of appeals denied defendant's motion to abate and affirmed the finding of the trial court that plaintiff Clair lacked standing to petition under § 473.340 as she lacked the requisite claim of title or right of possession to the specific assets in dispute. We granted plaintiff's motion to transfer and conclude the judgment must be reversed and the cause remanded.

On the question of abatement, defendant has argued that inasmuch as plaintiff's purported cause of action is statutory, it is personal in nature and subject to abatement upon the death of the party plaintiff. In support of this contention, defendant cites a line of cases concerning will contest proceedings wherein we refused to permit the substitution of a personal representative following the death of a challenging party. *Davis v. Davis*, 252 S.W.2d 521 (Mo. 1952); *Campbell v. St. Louis Trust Co.*, 346 Mo. 200, 139 S.W.2d 935 (banc 1940); *Braeuel v. Reuther*, 270 Mo. 603, 193 S.W. 283 (1917).

■ These cases are clearly distinguishable, however. A will contest proceeding is extraordinary in that it is a proceeding in rem which brings into issue whether the offered instrument is a valid testament. An action which questions a will in probate casts upon those who claim the validity of the instrument the burden of proving the same. Once the will contest has been brought

the parties thereto become of minor importance; the prime purpose of the proceeding being to determine whether there is a will or not . . . [the court] having regularly acquired jurisdiction . . . . will, regardless of the parties . . . review the record and render judgment thereon . . . . *Braeuel v. Reuther*, 270 Mo. 603, 606, 193 S.W. 283, 284 (1917).

Thus we have found in *Braeuel, Davis* and *Campbell* not that a cause of action in a will contest proceeding abates but that a personal representative need not be substituted in an action in rem wherein "the parties thereto become of minor importance."

■ The instant case is not analogous to a will contest proceeding. Here the sole residuary legatee seeks to challenge the validity of certain inter vivos contracts. Her interest in the estate residuum is vested and assignable. We base this conclusion upon our prior holding that the state of Missouri, as a sole residuary legatee, had "a legal and beneficial interest in the residual estate" and as such was a necessary party in an action to set aside a codicil, *State ex rel. Eagleton v. Hall*, 389 S.W.2d 798, 801 (Mo. banc 1965); *see* 6 W. Bowe & D. Parker, Page on Wills § 59.19, at 431 (1962), and upon the fact that both the court of appeals and this court have considered claims the uncontested factual basis of which involved the assignment of the interests of an estate residuary legatee. *McGowan v. St. Louis Union Trust Co.*, 369 S.W.2d 144, 148 (Mo.1963); *Gerhardt v. Miller*, 532 S.W.2d 852, 855 (Mo.App.1975). One test of whether or not a cause of action abates has been whether or not it is assignable, *Davis v. Davis*, 252 S.W.2d 521, 522 (Mo.1952); *Campbell v. St. Louis Union Trust Co.*, 346 Mo. 200, 206, 139 S.W.2d 935, 937 (banc 1940). Applying that test we find respondent's contention that the cause of action has abated to be without merit.

We now address the substantive merits of plaintiff's contention.

Section 473.340, RSMo, Supp. 1975, enacted in 1973 and under which appellant seeks to act, repealed former §§ 473.340, 473.347, 473.350, 473.353 and 473.357, RSMo 1969. The statute now reads as follows: "473.340 Discovery of assets, procedure for

"1. Any executor, administrator, creditor, beneficiary or other person who claims an interest in personal property which is claimed to be an asset of an estate or which is claimed should be an asset of an estate may file a verified petition in the probate court in which said estate is pending seeking determination of the title, or right of possession thereto, or both. The petition shall describe the property, if known, shall allege the nature of the interest of the petitioner and that title or possession of the property, or both, are being adversely withheld or claimed. The court may order the joinder, as a party, of any person who may claim an interest in or who may have possession of any such property.

"2. Service of summons, petition and answer thereto together with all subsequent proceedings shall be governed by the Missouri Rules of Civil Procedure. Any party may demand a jury trial. If the court believes there is a probability that any judgment rendered by it may be appealed, or if a jury trial is demanded, the court may, or upon application of any party shall certify, the cause to the circuit court for trial.

"3. Upon a trial of the issues, the court shall determine the persons who have an interest in said property together with the nature and extent of any such interest. The court shall direct the delivery or transfer of the title or possession, or both, of said property to the person or persons entitled thereto and may attach the personalty of any party refusing to make delivery as directed. If the party found to have adversely withheld the title or possession, or both, of said property has transferred or otherwise disposed of the same, the court shall render a money judgment for the value thereof with interest thereon from the date the property, or any interest therein, was adversely withheld. In addition to a judgment for title and possession, or either, or for the value thereof, the court may enter a judgment for all losses, expenses and damages sustained, if any, but not including attorney fees, if it finds that the property was wrongfully detained, transferred or otherwise disposed of.

"4. If the court finds that a complete determination of the issues cannot be had without the presence of other parties, the court may order them to be brought in by an amended or supplemental petition. The court shall order the joinder of the personal

representative of the estate if he is not named as a party."

This is our first opportunity to construe the statute.

■ Former § 473.340, entitled "Proceedings to Discover Assets, Affidavit, Citation", provided a summary remedy for those persons who sought to recover personalty wrongfully withheld from a decedent's estate. This was an action brought by the personal representative on behalf of the estate. Former § 473.353, entitled "Same Proceedings Against Executors or Administrators", provided a summary remedy for interested parties against the personal representative to bring into the estate property withheld or concealed by the personal representative. *In re Clinton's Estate*, 223 Mo. 371, 123 S.W. 1 (1909). Former § 473.357 authorized the owner of property which had been erroneously designated as estate property to obtain possession thereof, thus requiring that the petition allege that the decedent was not and that petitioner was the owner of the property at the date of decedent's death.[1]

Taken together, these sections provided a means by which property improperly included in the estate could be recovered by its owner, and property improperly excluded could be recovered on behalf of the estate, either by the personal representative or another person. None of these sections concerned the proper distribution of assets which admittedly were estate assets and properly in the possession of the executor.

Defendant contends that in repealing and amending the relevant former sections the legislature "simply effected a streamlining and consolidating of the discovery of assets procedure." He cites the caption to the title of Laws 1973, S.B. 210 at 484, the statute of repeal and enactment, which speaks of the new law as one relating to the "same subject" as do those sections now repealed.

■ Then viewed against Mo. Const. Art. III, § 23, providing that no bill "shall contain more than one subject which shall be clearly expressed in its title, . . . " defendant alleges that new § 473.340 clearly and simply duplicates the jurisdictional scope of the old statutes.

This view of the legislature as a housekeeper of statutes only, concerned with the consolidation of language and the "streamlining" of procedure exclusively, is one that we have rejected, *State ex rel. Thompson-Stearns-Roger v. Schaffner*, 489 S.W.2d 207, 212 (Mo.1973); *Darrah v. Foster*, 355 S.W.2d 24, 30 (Mo.1962), and we reject it now. We presume that the legislature's action of repeal and enactment is intended to have some substantive effect such that it will not be found that it engaged in a meaningless act of housekeeping. *Id.*

■ Section 473.340 permits the filing of a petition in probate court by any "executor, administrator, creditor, beneficiary or other person who *claims an interest* in personal property which is claimed to be an asset of the estate . . . " (emphasis added). Defendant argues that plaintiff, as sole legatee, has no legally cognizable property interest and hence cannot state a cause of action under the statute. It is insufficient, defendant says, to claim an interest in the estate generally; the interest shown must be in specific personal property.

We believe that the legislature intended that the interest claimed need not be a specific interest in personal property. Indeed, § 473.340(1) says that "the petition shall describe the property (in which petitioner alleges a claim) *if known*" (emphasis added) and "shall allege the nature of the interest of the petitioner and that title or possession of the property, or both are being adversely withheld or claimed. . . " We believe that the use of this language permits a petition under § 473.340 based upon a general or contingent interest.

1. In *State ex rel. Meletio v. Hensley*, 358 S.W.2d 85 (Mo.App.1962) the court found a petition under § 473.357 defective in that it failed to allege that the petitioner, and not the decedent, was the rightful owner of the disputed property at the time of the latter's death. Such an allegation is no longer required under § 473.340 Supp. 1975 under which the instant case was brought. Respondent's reliance upon *Meletio* is therefore misplaced.

In so interpreting § 473.340 we do not deny that the stock in issue does not pass under the residuary clause and is not a part of the residuary estate. The shoe companies were the beneficiaries under the stock redemption agreement and have an equitable interest in the stock. In *Strumberg v. Mercantile Trust Co.*, 367 S.W.2d 535 (Mo. 1963), relied upon by defendant, we held that in a partnership agreement which called for the purchase of the other's one-half interest within 60 days upon the death of either partner, that

> in a sense, the surviving partner became the equitable owner of the interest upon the death of the other partner, subject however, to the condition that the required amount should be paid or tendered within 60 days. At any rate, it appears clear that the executor was under a duty not to treat the partnership interest in the same manner as other assets, but was required to keep such segregated and apart from the general assets of the estate while awaiting plaintiff's compliance with his contracted obligation to purchase it. *Id.* at 538–39.

In *Strumberg*, however, there was no claim as there is here, that the inter vivos contract was void and unenforceable. Our question is not whether the shoes companies hold an equitable ownership interest in the stock, but whether the probate court's jurisdiction should extend under § 473.340 to a challenge of the validity of the *ante mortem* instrument.

Were that challenge to fail, the stock might still pass under the residuary clause if the contracts were not performed and the Robinson estate executor did not otherwise dispose of the shares in the course of his administration of the estate. Thus the interest of the residuary legatee, though contingent, is a present interest for purposes of standing in probate court under § 473.340 to challenge the validity of an inter vivos stock redemption agreement the subject of which will otherwise pass outside the residuum in the nature of a specific bequest. In *State ex rel. Cooper v. Cloyd*, 461 S.W.2d 833, 838 (Mo. banc 1971) we held that the

holders of a contingent remainder of a testamentary trust had a sufficiently "protectable", though not possessory, interest to grant them standing to contest decedent's will under § 473.083, RSMo 1969, which requires only that persons be "interested in the probate of a will" to have standing. See *Canada v. Daniel*, 175 Mo.App. 55, 157 S.W. 1032 (1913). In *McCaleb v. Shantz*, 318 S.W.2d 199, 203 (Mo.1958), we held that a residuary devisee had standing to challenge the legality of a specific devise in a suit seeking construction of a will. We do not suggest that plaintiff's interest in the instant case balances the equitable ownership interest of the shoe companies which are beneficiaries under an inter vivos contract, but rather conclude that plaintiff's stakes, however slight here, are adequate under the statute to state a claim. Without standing, plaintiff would be forced to contest the validity of the contract outside the aegis of the probate court. We believe it was just such a situation which compelled the legislature to enact § 473.340, putting before the probate court all petitions of anyone who "claims an interest" in property inventoried in the estate. The interests of judicial economy are thereby advanced.

The judgment is reversed and the cause is remanded for further proceedings consistent herewith.

MORGAN, C. J., BARDGETT, FINCH, DONNELLY and RENDLEN, JJ., and KELLY, Special Judge, concur.

HENLEY, J., not sitting.