In re ESTATE of Eva M. SIMMERMON, Deceased.

John S. SIMMERMON, Appellant,

v.

Wilbur (Short) HARRIS and Pauline Harris, Co-Executors of the Estate of Eva M. Simmermon, Deceased, and Jacqueline Giger, Respondents.

No. WD 31133.

Missouri Court of Appeals, Western District.

July 8, 1980.

James A. Rahm, Carrollton, for appellant.

Robert L. Rasse, Rasse & Rasse, Marshall, for respondents Harrises.

Before TURNAGE, P. J., SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

John Simmermon appeals from the order of the Probate Division[1] of the Circuit Court of Saline County overruling his objection to the approval of the final settlement and order of distribution made in the estate of his deceased wife Eva. Simmermon contended the court should have ordered equi-

___

1. An appeal to this court from the probate division is authorized by § 472.160, RSMo 1978.

table apportionment of the federal estate tax before fixing the amount to be distributed to him. Reversed.

Eva Simmermon left a Last Will and Testament which was duly admitted to probate. By her Will, after some specific devises, she devised the residue in one-third shares each to her husband and two friends, Wilbur and Pauline Harris. By her Will she specifically provided her daughter, Jacqueline Giger, was to receive nothing.

John Simmermon filed a will contest naming the Harrises and his daughter Giger as defendants. Subsequently this contest was dismissed upon a stipulation filed by all of the parties, Simmermon, Giger and the Harrises. The stipulation provided that the estate would be distributed after the payment of all expenses of administration, taxes and claims in the following manner: 45% to Wilbur and Pauline Harris, 45% to Simmermon and 10% to Giger. The circuit court approved the stipulation and dismissal and dismissed the will contest with directions that a copy be sent to the probate division. This order did not contain any directions as to the distribution of the estate.

The probate division took up Simmermon's objection to the final settlement and order of distribution and ordered that the estate be distributed according to the stipulation for dismissal of the will contest and refused to make equitable apportionment of the federal estate tax because of its view that the stipulation provided for the payment of all taxes prior to the distribution.

This appeal is by Simmermon from the entry of the order approving the final settlement and ordering distribution according to the stipulation of dismissal of the will contest without equitable apportionment of the federal estate tax.

Prior to Laws of 1973, p. 483, ¶1, it was the law in Missouri that a will contest properly instituted could not be dismissed. *Campbell v. St. Louis Union Trust Co.*, 139 S.W.2d 935, 938[9] (Mo. banc 1940).[2] However, in 1973 the legislature amended § 473.083, RSMo 1969, to provide that a will contest suit could be voluntarily dismissed, after the period of contest has expired, by consent of all parties not in default. That section was further amended to provide in ¶7:

7. Any dismissal under subsections 4 and 6 of this section shall revest the probate court in which the estate was being administered at the time the petition was filed with the cause and the probate court shall proceed with the administration of the estate in accord with its previous order admitting the will to probate or rejecting a will as if the petition had never been filed in the circuit court.

Here, the will contest suit was dismissed with the consent of all the parties after the period of contest. However, under the plain language of the statute, when the will contest was dismissed the case went back to the probate division for it to proceed with the administration of the estate in accord with the previous order admitting the will to probate. In other words the probate division, upon the dismissal of the will contest, only had the power to wind up the estate in accordance with the terms of the will as admitted to probate.[3] Here, the court undertook to administer the estate and order distribution in a manner wholly inconsistent with the terms of the will. The court must have jurisdiction of the

---

2. Whether the amendment of § 473.083 to allow a will contest to be dismissed overcomes the rule in *Campbell* has not been addressed by the parties and is not being decided. On remand the parties should consider that question. In any event the judgment here is void on the ground stated herein.

3. The right of the parties to settle a will contest by an agreement among themselves is not questioned. Such agreement would be enforceable by means other than an order of distribu-

tion. The decision here deals only with the power of the court to order distribution contrary to the terms of the will admitted to probate. However, S.B. No. 637, adopted in 1980, provides a new probate code effective January 1, 1981. Sections 473.084 and 473.085 were added to the code by this bill and under those sections the court is empowered to make disposition of the estate in accordance with the terms of the agreement between the parties upon approval by the court.

parties and subject matter, and also jurisdiction to render the particular judgment or order in a particular case. *Himmel v. Leimkuehler*, 329 S.W.2d 264, 270[4] (Mo. App. 1959). The probate division was not granted jurisdiction or power to enter an order of distribution contrary to the terms of the will admitted to probate following the dismissal of the will contest. The statute only granted the court the power to wind up the estate in accord with the will admitted to probate.

Although the parties have not raised any jurisdictional question, this court has the duty to examine jurisdictional problems sua sponte. *Kansas City v. Reed*, 546 S.W.2d 727, 731[1] (Mo. App. 1977). *Reed* further holds that:

"A judgment rendered without jurisdiction or authority must ordinarily be reversed, regardless of the manner in which the higher court is informed of the lack of jurisdiction. A reversal must follow where the record plainly shows a lack of jurisdiction . . . and an appellate court may of its own motion reverse a judgment or order rendered without jurisdiction."

From the legal file in this case it is readily determined that the probate division entered the order of distribution on which the appeal was taken without jurisdiction because it ordered distribution in a manner inconsistent with the will which had previously been admitted to probate and which remained in full force following the voluntary dismissal of the will contest with the consent of all parties. Because the judgment appealed from was entered without jurisdiction there is no final judgment and the question of the apportionment of the federal estate tax argued by the parties cannot be reached.

The judgment of the probate division approving the final settlement and ordering distribution in the estate of Eva M. Simmermon is reversed and the cause is remanded for further proceedings.

All concur.