TONI WEBER et al., Respondents, v. MARY ANN WEBER et al., Appellants.

1. *Sheriff's return — Service.*— A sheriff's return is not bad because it shows service upon two minor defendants by leaving a copy of the petition with their mother as member of the family of each.

*Appeal from St. Charles Circuit Court.*

*Theodore Bruere*, for appellants.

The return is bad. (Stringer v. Stewart, 41 Mo. 400.) A person cannot be a member of two families at the same time. Neither Philip nor George Weber could have any family. Both were minors.

*Charles Dardt*, for respondents.

The service is good. (Wagn. Stat. 1007, § 7.) The statute makes no distinction between service on an infant and on an adult. (Baumgartner v. Guessfield, 38 Mo. 37–41.) The term "family" is not confined to persons under the control or in the employ of defendant. (Ellington v. Moore, 17 Mo. 424; Wade v. Jones, 20 Mo. 755.)

CURRIER, Judge, delivered the opinion of the court.

The decision of this cause turns upon the question whether two of the infant defendants were properly served with process. The sheriff's amended return shows service as follows: "Served the within in St. Charles county, Mo., by reading and delivering a copy of the same and the annexed petition to the within named Mary Ann Weber, * * and served the within writ on Phillip Weber by leaving a copy of the same at his usual place of abode with Mary Ann Weber, a white person over the age of fifteen.

years, a member of his family, and being his mother; and served the within named George Weber by leaving a copy of the writ at his usual place of abode with Mary Ann Weber, a white person over the age of fifteen years, a member of his family, and being his mother, the 16th day of February, 1871."

The objection is taken that Mary Ann Weber, the mother of the boys, could not be a member of the family of each at the same time; and further, that Philip and George, being in law infants, could not have families. These objections are rather speculative than practical, and call in question the truth of the officer's return. If the officer made a false return, the remedy is in another form. There is nothing of force in the point raised. The return shows a good service, and that the copies for the infant defendants were left with a very proper person. That minor defendants may be served in the manner stated in the return is not questioned. (Baumgartner v. Guessfield, 38 Mo. 37.) It is no objection that the return was an amended one.

Judgment affirmed. The other judges concur.