## STATE ex rel. ED M. MITCHELL v. T. H. GIDEON, Probate Judge et al.

Springfield Court of Appeals, February 11, 1922.

1. **PROHIBITION: Evidence Held Not to Overcome Solemn Declaration in Will as to Domicile.** In proceeding to prohibit probate judge and executor with will annexed from proceeding further in the matter of an estate, evidence *held* not to overcome solemn declaration in will that testator was domiciled in another county.

2. **WILLS: Probate in Common Form is Proceeding In Rem, and Service of Process Unnecessary.** A proceeding to probate a will in common form is a proceeding *in rem*, and when a will is deposited with the probate court of a county it has jurisdiction of the *res*, which is the will itself, without process.

3. **COURTS: Prohibition: Court in Which Will is First Filed Alone Has Jurisdiction to Probate.** Where will was deposited in a probate court, it had jurisdiction thereof, and the probate court of another county could not subsequently proceed to probate the will, and could be ousted of jurisdiction by prohibition.

4. **WILL: Must Be Probated Where Filed.** Where a will has been filed before the probate court of one county neither the parties interested nor the probate judge of such county has a right to consent that

(46)

the case be taken out of that court and the probate be had in the probate court of another county, nor by citation issued out of the probate court of another county, under Revised Statutes 1919, section 556, for the purpose of ascertaining whether the parties who were cited to appear before the court had the will of the testator and were refusing to produce the same for probate.

## PROHIBITION.

PEREMPTORY WRIT AWARDED.

*Herman Pufahl and Wright & Ruffin* for relator.

*Frank B. Williams* and *John T. Sturgis* for respondents.

FARRINGTON, J.—This is an original proceeding instituted in this court seeking to prohibit the respondents as Judge of the Probate Court of Greene County, Missouri, and Charles A. P. Seiford, appointed as Executor with the will annexed of the Estate of William H. McGuire, deceased, from taking any further action in said estate or further cognizance of said estate.

We are thoroughly convinced that the peremptory writ of prohibition should issue against said Judge of the Probate Court and said Executor with the will annexed of said Estate appointed by the Probate Court of Greene County, prohibiting them from further proceeding in this cause.

The facts upon which we base this opinion are as follows: William H. McGuire, deceased, was, admittedly, for a great number of years a resident of Brighton, Polk County, Missouri. Several years prior to his death, which occurred August 2, 1921, he had business which brought him daily to the city of Springfield, Missouri.

He kept an automobile and went to Brighton, Polk County, his home, almost daily. He owned farm lands in Polk County. As he grew older and his health was impaired these visits to Brighton and Polk County grew less frequent. Some time prior to his death he made a deed to the place which unquestionably had been his mansion house where he and his wife, who died some time prior to his death, lived in Brighton, Polk County, Missouri, but reserved to himself a life interest in part of that building and there maintained rooms which he furnished and in which he kept some wearing apparel. It is shown in the testimony that he remained in Springfield at night, that is most of the nights, for the last several years of his life at his brother's home and at his daughter's home.

On July 2, 1921, he executed a will in which he named Ed Mitchell, his son-in-law, as Executor, and in which will he described himself as of Brighton, Polk County, Missouri. This will, with this declaration in it, was made exactly one month prior to his death. He was at that time a sick man and went to his daughter's home in Springfield where he remained until some time in the month of July, 1921, when he went to a sanitarium in Wisconsin for his health. He remained there but a short time, when he returned to Springfield and died.

There is some testimony in the record which shows that he might have contemplated buying a home here or of making Springfield his home, but we think there is no doubt that the overwhelming testimony in this case shows that there was no act or declaration made after July 2nd which would overcome the solemn declaration made in his will that he was of Brighton, Polk County, Missouri. [In re Lankford Estate, 272 Mo. 1, 197 S. W. 147.] We have stated these facts and state our conclusion on them that the whole facts of the case may appear.

We do not think that a finding of where his abode was, for the purpose of determining this action in this court, is necessary, because the jurisdiction of his estate was,

under the facts which we will hereafter set forth, clearly vested in the Polk County Probate Court before the Probate Court of Greene County ever acquired jurisdiction to administer this estate. With reference to that phase of the case the testimony shows, as we have stated before, that William H. McGuire died in Springfield on August 2, 1921; that his son-in-law, Ed Mitchell, was named in the will dated July 2, 1921, as the Executor thereof.

The evidence is uncontradicted, and in fact largely record evidence, that early on the morning of August 18, 1921, Mitchell, the Executor, in the will, was in Bolivar, Polk County, Missouri, called up the Probate Court of that County and at 9 o'clock in the morning filed with the Probate Court the will of William H. McGuire and a petition for letters testamentary. As stated before, the will was marked filed on August 18, 1921, in the office of the Probate Court of Polk County, at Bolivar, Missouri and so was the application for probate of the will filed on said date.

It further appears, without contradiction, from the record evidence before us that the witnesses to the will of William H. McGuire lived in Springfield, and that the Probate Judge of Polk County issued a commission to the Probate Judge of Greene County to cause to come before him the witnesses to the will that their testimony might be taken. This commission with a letter dated August 19, 1921, was sent to the Probate Judge of Greene County but the will which was to be proven under this commission was not attached thereto. Upon receipt of this letter and the commission the Probate Judge of Greene County returned the letter and commission and asked for the will, and on the 21st day of August, 1921, the Probate Judge of Polk County again wrote to the Probate Judge of Greene County stating that he had overlooked sending the will in the original letter, and that Frank B. Williams, an attorney of Springfield, Mo., who represented, and who now represents the parties

attempting to uphold the jurisdiction of the Greene County Probate Court, was in his office on the 19th of August, the day after the will was filed with the Probate Court of Polk County, and that he sent the will by Williams to Judge Gideon, Judge of the Probate Court of Greene County instead of mailing it, and the letter of August 21st to the Judge of the Greene County Probate Court instructed him to go ahead and take the proof of the will under the commission. It also calls attention to the fact that some question of the residence of the testator had been raised, which could be settled later.

It appears from the evidence that on the 18th of August, 1921, some time during the day a petition was filed by Frank B. Williams, attorney for some of the beneficiaries in the will, with the Probate Court of Greene County asking that Ed Mitchell and Chas. J. Wright, his attorney, who was the attorney for the testator and drew the will, and Ella Mitchell, wife of Ed Mitchell, and who is the daughter of the testator, be required to produce the will of William H. McGuire, setting forth that the deceased had died on the 2nd day of August, 1921, leaving a will.

It was shown under the citation which was issued out of the Probate Court of Greene County that the same was done under section 556, Revised Statutes 1919, and in this citation it required Ella McGuire Mitchell, Ed Mitchell and Chas. J. Wright to appear in the Probate Court of Greene County on the 19th day of August, 1921, at 1 o'clock P. M. to answer the petition which was filed by Frank B. Williams. For some reason not appearing in the record, no action was taken until the 22nd day of August, which was four days after the will of William H. McGuire had been filed in the Probate Court of Polk County for probation and four days after the application for letters testamentary had been filed by the Executor named in the will in the Probate Court of Polk County.

It appears from the record that on the 19th day of August, 1921, which was the day after the will had been filed in the Probate Court of Polk County, attorney Frank B. Williams appeared in the Polk County Probate Court and filed a protest to the probating of the will of William H. McGuire by the Polk County Probate Court and the same was filed entitled, ''In the Probate Court of Polk County, August Term, 1921. In the Matter of the Probate of the Last Will of William H. McGuire, Deceased.'' It was on this day that the Probate Judge of Polk County ascertained that he had forgotten to mail the will with the commission to the Probate Court of Greene County, and according to his version he handed it to Mr. Frank B. Williams for the purpose of delivering it to the Judge to take the witnesses' testimony under the commission which had been sent. Mr. Williams' testimony is to the effect that he understood he was taking it to Judge Gideon for the purpose of having it at the trial under the citation which had been issued on the 18th by the Probate Judge of Greene County and for determination by the Judge of the Probate Court of Greene County as to where this estate should be administered. In any event, whatever may have been the understanding or misunderstanding between these two witnesses, the will was produced by Frank B. Williams in the Probate Court of Greene County on the 22nd day of August, which was the date set and the time set for Ed Mitchell, his wife and Chas. J. Wright to answer why they had not caused the will of William H. McGuire to be probated. When the will was produced in the Probate Court of Green County by Frank B. Williams it was filed with the Probate Court of Greene County, and the Probate Court of Greene County immediately took testimony and found that William H. McGuire was a resident of Greene County and not a resident of Polk County and that the will should be probated in Greene County. It appears from the record that the will was not actually probated in Greene County until August 30, 1921.

The record further shows that some time after this application was made by Charles A. P. Seiford for letters of administration with the will annexed. Judge Gideon, Judge of the Probate Court of Greene County, returned the commission unexecuted to the Probate Court of Polk County informing him that the Probate Court of Greene County was the proper court in which the will of William H. McGuire should be probated.

The record before us further shows that the Probate Courts in each of these Counties are proceeding to administer the estate of William H. McGuire.

We hold that the Probate Court of Polk County acquired original and exclusive jurisdiction of probating the will of William H. McGuire and of determining where his will should be probated before any move was made that gave the Probate Court of Greene County any right to act, and that the will on its face showed that it had been filed in the Probate Court of Polk County before the Probate Court of Greene County undertook to exercise any control whatever over this estate. And, aside from this, the Probate Judge of Greene County and all of the parties who were before him knew that the Probate Court of Polk County had assumed to entertain the question of probating William H. McGuire's will before any other steps in any court had been taken.

The proceedings of probating a will are in common or solemn form. The proceeding which was begun was a common form and is a proceeding *in rem,* so decided by all the courts. [See Benoist et al. v. Murrin et al., 48 Mo. 48; Jackson et al. v. Hardin, 83 Mo. 175; McMahon v. McMahon, 100 Mo. 97, 13 S. W. 208; Bradford v. Blossom, 207 Mo. 1. c. 228, 105 S. W. 1070; 1 Woerner on American Law of Administration, sec. 227, page 526; 40 Cyc. 1223, 1224.]

The court in the Benoist case approves the following language in referring to a will: ''The instrument propounded is always brought into court in the first instance, and the jurisdiction is *in rem.* The inquiry is

whether the party deceased died testate or intestate; and if the former, whether the script propounded be his will or a part of it or not. When once regularly raised, the court must pronounce on these questions without reference to the presence of this or that person.''

Under this decision, therefore, when the will, which is the thing or the script, was deposited with the Probate Court of Polk County, it had jurisdiction of the *res,* which was the will itself, and the question for it to determine, and which it had undertaken to determine, was whether this was the last will and testament of William H. McGuire and whether it ought to be probated in that court. The proceeding is, as the courts say, *ex parte.* No process of service was necessary. In order that a probate court may move in the estate of a dead man nothing need be done other than the filing of the will and the taking of testimony of the subscribing witnésses thereto. It is not like the ordinary suit where service must be had on some one before the court can proceed with the cause, and that is the distinction of this case from the cases cited by the respondent here, such as State ex rel. Davis v. Ellison, 276 Mo. 643, 208 S.W. 439, and in that opinion the court finds that the basis for the ruling there made was because the proceeding in divorce matters was not strictly a suit *in rem.* Neither of the parties has found any cases in Missouri bearing directly on the question involved here. Of course, there are plenty of cases cited by both sides familiar to the bench and bar that the action of probate courts cannot be questioned collaterally, but these cases are of little help here because this is a direct proceeding to oust the Probate Court of Greene County of jurisdiction of this case, and the question for this court to determine is whether the Probate Court of Greene County ever had jurisdiction of William H. McGuire's estate. If it had, then of course, this writ should be denied, and if it had not, owing to the fact that jurisdiction of this estate had been

vested in another probate court in this State, then the writ should go.

This question has arisen in other states, for instance as in the case of Stewart v. Poinboeuf, 233 S. W. 1095, where the Supreme Court of Texas held:

"No contention is made that the estate of Mrs. Hardy is subject to administration in any other probate court than that which first acquired jurisdiction of the estate. The claim of appellees is that the probate court of Harris county first acquired jurisdiction over the estate because it made the first order appointing an administrator, and because process was first issued and served out of that court. We do not think that priority of right to exercise jurisdiction, in a proceeding of this character, ought to be determined by either priority of judgment or priority in the issuance of service of process. The fairest and most reasonable test is priority in invoking the exercise of jurisdiction. An applicant for letters of administration or letters testamentary is enentitled to have citation on his application forthwith issued and 'served. [Articles 3256, 3257, Vernon's Sayles' Texas Civil Statutes.] The date of an adjudication on his application may be delayed by circumstances beyond the applicant's control, such as the number of causes on the court's docket or time taken by the court to render a decision. One ought not to lose his right to an adjudication properly sought, because a clerk or sheriff is delayed in issuing or serving process duly applied for, nor because an earlier adjudication is secured from another court."

The Supreme Court of California, in Dugan v. Superior Court, 149 Calif. 98, 84 Pac. 767, 117 Am. State Rep. 119, held, that there cannot be two valid administrations of the same estate, at the same time, and in the same court. When any court acquires jurisdiction of an estate, such jurisdiction is exclusive. Though two or more courts may be equally entitled to exercise jurisdiction over the estate of a nonresident who has died

without the State, the jurisdiction becomes exclusive in the courts of the county in which a petition for letters of administration is first filed. That court also holds that the remedy, where two courts in the same State are holding jurisdiction in the same estate, is by prohibition.

The Supreme Court of Minnesota, in the case of Hanson v. Nygaard, 105 Minn. 30, 117 N. W. 235, 127 Am. State Rep. 523, holds, that the jurisdiction of the probate court over the estate of a deceased person attaches when its general jurisdiction is invoked by the presentation to the court of a proper petition by some person entitled to take such action. [See Culver v. Hardenbergh, 33 N. W. 792, 1. c. 797, where the same doctrine is announced by the Supreme Court of Minnesota.]

In 11 R. C. L., 73, the rule is announced that the jurisdiction of the probate court over the estate of a deceased person attaches when its general jurisdiction is invoked by the presentation to the court of a proper petition by some person entitled to take such action. "Accordingly, where a petition for letters of administration on the estate of a decedent is filed in the court of a county, and is based on an averment that he left an estate in that county, the truth of such allegation must be determined by that court; and such court cannot be summarily ousted of jurisdiction by the subsequent filing of a similar petition in another county and proving under the latter petition that the decedent did not leave any estate in the county in which the petition for letters was first filed."

We have no doubt about the writ of prohibition being the proper remedy.

In the case of State ex rel. v. Reynolds, 209 Mo. 161, 107 S. W. 487, the Supreme Court held, that the writ of prohibition is the proper remedy to prohibit a court from intermeddling or entertaining a suit the subject-matter of which is already in process of litigation in another court of coordinate jurisdiction which has jurisdiction both of the subject-matter and the parties.

The subject-matter of the proceeding which was begun in the probate court of Polk County was the will of William H. McGuire. The will was filed in that court several days before it ever reached the Greene County court where it was later filed, and the application to probate it was made a number of days before there was an application to probate the will in Greene County.

It was held in the Estate of Charles G. Scott, reported in 5 Pac. States Rep. 220, that a probate court, having acquired jurisdiction of an estate, cannot surrender that jurisdiction to some other probate court, and that mandamus will lie to require the court having the first jurisdiction to proceed to the end of the administration of the estate.

Applying that principle to this case, when the will, which is the subject-matter of the proceeding, was filed before the Probate Court of Polk County, none of the parties interested nor the Probate Judge of Polk County had a right to consent that the case be taken out of that court. The jurisdiction acquired by that court being invoked to act gave it the exclusive jurisdiction.

The citation which was issued by the Probate Court of Greene County under section 556, Revised Statutes 1919, was merely for the purpose of ascertaining whether the parties who were cited to appear before the court had the will of the testator and were refusing to produce the same for probate. When the will was produced in that proceeding it showed on its face that it had already been filed for probate four days before in the Probate Court of Polk County, and so far as any proceeding under that statute was concerned, it ended right there, because it was shown by the witnesses and by the will itself, and by the letters in possession of the Probate Court of Greene County that the parties cited were not refusing to produce the will for probate, but on the other hand had already taken the steps to have it probated.

We are, therefore, of the opinion that the Probate Court of Greene County has no jurisdiction of the estate

of William H. McGuire; and that Charles A. P. Seiford, Administrator appointed by such court is without power to act; and that the peremptory writ of prohibition should issue against such court and such administrator prohibiting them from further proceeding in the cause. It is so ordered.  *Cox, P. J.,* and *Bradley, J.,* concur.