## DE HANAS et al. v. CORTEZ-KING BRAND MINES CO. et al.*

Circuit Court of Appeals, Eighth Circuit.
April 20, 1928.

No. 7951.

Courts ☞308—Federal court did not have jurisdiction under statute of suit wherein plaintiffs and some of defendants were citizens of same state (Jud. Code, § 57 [28 USCA § 118]).

Under Judicial Code, § 57 (28 USCA § 118), federal court did not have jurisdiction of suit in which there was no federal question involved, and wherein plaintiffs and some of defendants were citizens of the same state; requisite diversity of citizenship not existing.

Appeal from the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Suit by Ruth B. De Hanas and another against the Cortez-King Brand Mines Company and others. Decree of dismissal, and plaintiffs appeal. Reversed and remanded, with directions.

Joseph W. Howell, of Tulsa, Okl., for appellants.

Frank Nesbitt, of Miami, Okl. (D. H. Wilson and A. C. Wallace, both of Miami, Okl., on the brief), for appellees.

Before KENYON, Circuit Judge, and SCOTT and SYMES, District Judges.

SCOTT, District Judge. Plaintiffs, Ruth B. De Hanas and Jesse L. De Hanas, filed their bill in the United States District Court for the Northern District of Oklahoma against Cortez-King Brand Mines Company, a Delaware corporation, H. B. Church, Jr., a citizen of Missouri, former board of directors of Union Zinc Company, a defunct Oklahoma corporation, consisting of J. C. Parrish, a citizen of Missouri, W. L. McWilliams, a citizen of Oklahoma, Wm. T. Nardin, a citizen of Missouri, L. C. Church, a citizen of Oregon, F. S. Seagrave, a citizen of Illinois, Bull Frog Mining Company, an Oklahoma corporation, and R. M. Wilkinson, as receiver of the Bull Frog Mining Company, a citizen of Missouri, defendants.

The bill alleges, after stating the citizenship and residence of the plaintiffs and the several defendants, that:

*Rehearing denied July 17, 1928.

"This suit is one of which this court, as a District Court of the United States, has original jurisdiction under section 57 of the Judicial Code [28 USCA § 118], in that the purpose of the litigation is to remove cloud from title to real estate within the Northern district of Oklahoma, to enforce a lien upon real and personal property in said district, to secure an injunction and an accounting, and to obtain such incidental relief in the form of damages or otherwise as may be consistent with equity."

The bill further alleges the description of the land in controversy, 80 acres in Ottawa county, Okl.; that on the 19th day of December, 1922, plaintiffs executed an instrument entitled "Contract for a Mining Lease," with the Union Zinc Company, the purpose and intent of which was that the grantors would execute to the Union Zinc Company a mining lease on said land for a period of 10 years; that on January 31, 1923, the Union Zinc Company entered into an agreement with one H. W. Jameson, designated as a contract for mining lease, purporting to grant to said Jameson the right expiring December 1, 1923, to prospect for and mine lead and zinc on 20 acres of said land; that on July 2, 1923, said Jameson executed an instrument designated as assignment of mining lease, conveying to one W. E. Fisher the contract of January 31, 1923; that on July 2, 1923, said Jameson executed an "escrow contract" with said Fisher, providing that the contract of assignment of July 2, 1923, should be held by the Bank of Quapaw until payments provided for in the contract should be made, with indorsements thereon showing the transfer of right to receive royalty to L. N. Jameson, V. V. Grant, and R. E. Grant; that on the 19th day of February, 1924, W. E. Fisher transferred and assigned the contract of July 2, 1923, to Bull Frog Mining Company. The bill then alleges the appointment of a receiver of the Bull Frog Mining Company, and that on the 17th day of November, 1924, by order of the district court of Ottawa county, Okl., R. M. Wilkinson as such re-receiver entered into a contract with H. B. Church, Jr., in the nature of an option, looking to the purchase by said Church of the physical assets of the Bull Frog Mining Company, and of its pretended lease to said 20-acre tract, acquired on the 19th day of February, 1924. Plaintiffs further allege breach of the several contracts and equitable grounds for cancellation, and pray for a cancellation of all of the contracts heretofore referred to, and for compensation for ores removed and sold from the land, and having the persons receiving the same trusteed, and for general equitable relief.

From the foregoing it appears that the respective named defendants are all proper parties to the suit, including the Bull Frog Mining Company, Oklahoma corporation, and W. L. McWilliams, a member of the board of directors of Union Zinc Company, a citizen of Oklahoma.

The defendants answered the bill, joining issue, and the cause was heard and at the conclusion of the evidence in open court the defendants each moved to dismiss the bill for want of equity. And thereupon such motions were sustained and a decree entered dismissing the bill for want of equity, to which the plaintiffs excepted and gave notice of appeal, and appeal has been perfected to this court.

We are met at the threshold of this case with what appears to be an insurmountable jurisdictional obstacle. There is no federal question involved in the case, and, inasmuch as Bull Frog Mining Company is an Oklahoma corporation, and the defendant W. L. McWilliams a citizen of Oklahoma, and both plaintiffs being citizens of Oklahoma, the requisite diversity of citizenship does not exist. It would seem from an examination of the bill that counsel on both sides, as well as the trial court, have assumed that section 57 of the Judicial Code extended the original general jurisdiction of District Courts of the United States to suits circumstanced as this one is. In this respect we think counsel and the trial court have been in error. Section 57 of the Judicial Code deals with the so-called territorial jurisdiction or venue, and with a method of service in order to acquire personal jurisdiction of parties. The section was drawn from section 8 of the Act of March 3, 1875. In Greeley v. Lowe, 155 U. S. 58, 72, 15 S. Ct. 24, 27 (39 L. Ed. 69), Mr. Justice Brown commenting on this question said:

"It is entirely true that section 8 of the Act of 1875, authorizing publication, does not enlarge the jurisdiction of the Circuit Court. It does not purport to do so. Jurisdiction was conferred by the first section of the act of 1888 [25 Stat. 433] of 'all suits of a civil nature' exceeding two thousand dollars in amount, 'in which there shall be a controversy between citizens of different states,' and this implies that no defendant shall be a citizen of the same state with the plaintiff, but otherwise there is no limitation upon such jurisdiction."

See, also, Louisville & Nashville R. Co. v. Western Union Telegraph Co., 234 U. S. 369, 34 S. Ct. 810, 58 L. Ed. 1356, and cases cited, as well as Stockyards National Bank v. Bragg (C. C. A.) 293 F. 879; Kentucky Coal Lands Co. v. Mineral Development Co. (C. C. A.) 219 F. 45; Albert et al. v. Bascom et al. (D. C.) 245 F. 149; Doherty et al. v. McDowell et al. (D. C.) 276 F. 728; Franz et al. v. Buder (C. C. A.) 11 F.(2d) 854.

From the foregoing we conclude that the District Court had no jurisdiction to entertain the bill in this case, and that it should have been dismissed for want of jurisdiction, but without prejudice. It follows that the decree as entered must be reversed, and the cause remanded, with direction to the District Court to dismiss the plaintiffs' bill for want of jurisdiction, without prejudice.

Reversed and remanded.