**THOMSON et al. v. BUTLER et al.**

No. 12435.

Circuit Court of Appeals, Eighth Circuit.

June 9, 1943.

Rehearing Denied July 8, 1943.

W. H. H. Piatt, of Kansas City, Mo., for appellants.

Charles E. Whittaker, of Kansas City, Mo. (W. T. Bellamy, Perry G. Storts, and Homer E. Rich, all of Marshall, Mo., and Watson, Ess, Groner, Barnett & Whittaker, of Kansas City, Mo., on the brief), for appellees.

Before GARDNER, JOHNSEN, and RIDDICK, Circuit Judges.

JOHNSEN, Circuit Judge.

Plaintiffs, who were some of the heirs at law of Laura E. Saltonstall, deceased, brought suit in federal court to annul a judgment of a state circuit court of Missouri, which upheld the validity of a will of the decedent,[1] and to enjoin the devisees and legatees from claiming any part of the estate under such will and judgment.

Federal jurisdiction was claimed to exist upon two separate grounds: (1) That there was diversity of citizenship, and (2) that the suit was in any event one arising under the Constitution of the United States.[2] The substance of the constitutional ground alleged was that the state court judgment operated to deprive plaintiffs of their inheritance rights in the decedent's estate without due process of law, in that (a) the will was a forgery and its probate had been obtained by perjured testimony and other fraud perpetrated by the devisees and legatees upon the state court, and (b) that none of the present plaintiffs had been served with summons or other valid process in the will-contest proceeding, or had any notice thereof, so as to give them their day in court.[3]

The trial court held that neither the necessary diversity of citizenship nor a federal question was present, and, on motion of defendants, the suit was dismissed for lack of jurisdiction.

The trial court properly held that the necessary diversity of citizenship was lacking to give a federal court jurisdiction on that ground. Frank Bush, one of the legatees under the will, was a resident of the same state as some of the plaintiffs. Plaintiffs apparently had sought to escape this difficulty by not making him a party to the suit. Under the law of Missouri, however, all devisees and legatees are necessary parties to a will contest. Eddie v. Parke's Executor, 31 Mo. 513; Wells v. Wells, 144 Mo. 198, 45 S.W. 1095; Parke v. Smith, Mo.Sup., 211 S.W. 62; Harper v. Hudgings, Mo.Sup., 211 S.W. 63. On the same ground they equally are necessary parties to any suit in equity to annul a

---

[1] The judgment was rendered on a jury trial, in a proceeding brought by one of the other heirs at law of the decedent to contest the validity of the will under section 538, Mo.Rev.St.1939, Mo.R.S.A. § 538.

[2] Judicial Code § 24, as amended, 36 Stat. 1091, 28 U.S.C.A. § 41.

[3] The judgment of the state court, upholding the will, was affirmed by the Supreme Court of Missouri in Thomson v. Butler, 347 Mo. 269, 147 S.W.2d 437. Plaintiffs claim they had no knowledge of the pendency of the will-contest proceeding until after the Supreme Court's affirmance of the judgment.

judgment by which the validity of a will has been established.

■ When the defect in necessary parties was pointed out to the trial court, it gave plaintiffs leave to bring in all the devisees and legatees who had not originally been made defendants. Frank Bush thereafter entered his voluntary appearance as a defendant, and plaintiffs admitted that he was a resident of the same state as some of the plaintiffs. Since all of the parties on one side of the controversy were not citizens of different states from all of the parties on the other side, the court necessarily was obliged to hold that it had no jurisdiction of the suit on the basis of diversity of citizenship. City of Indianapolis v. Chase National Bank of City of New York, 314 U.S. 63, 69, 62 S. Ct. 15, 17, 86 L.Ed. 47; Treinies v. Sunshine Mining Co., 308 U.S. 66, 71, 60 S. Ct. 44, 84 L.Ed. 85; De Hanas v. Cortez-King Brand Mines Co., 8 Cir., 26 F.2d 233, certiorari denied 278 U.S. 635, 49 S.Ct. 32, 73 L.Ed. 552.

■ Plaintiffs argue that the trial court erred in allowing Frank Bush to enter his appearance as a defendant, because he had shortly previously agreed to join with them as a party plaintiff and had in fact signed and filed an appearance asking to be made a co-plaintiff. But Frank Bush had no status or capacity under Missouri law to attack the validity of the will or the proceedings by which it was established, and so could not be a proper party plaintiff. He was not an heir at law of the decedent, but was a son of her sister, who was living at the time the will was originally admitted to probate in the probate court. His mother had died when this suit was instituted, but, under Missouri law, her right to contest the validity of the will, after its admission to probate in her lifetime, could not descend to her heirs at law.

The Supreme Court of Missouri has held that the interest which entitles a person to contest a will under section 538, Mo.Rev.St.1939, Mo.R.S.A. § 538, must exist at the time of the admission of the will to probate in the probate court; that the right to contest accrues, in legal effect, from the date of such probate; that after its accrual it constitutes a wholly personal right and is neither assignable nor descendable; and that it does not survive the death of the party in whose favor it has thus accrued. Campbell v. St. Louis Union Trust Co., 346 Mo. 200, 139 S.W. 2d 935, 129 A.L.R. 316. The same principles necessarily are applicable to the derivative right to maintain a suit in equity to annul a judgment establishing the validity of a will. Where there is no status or capacity to contest the will itself, there manifestly can be none to maintain a suit in equity to annul a judgment establishing its validity.

■ It is clear, therefore, that Frank Bush was not and could not be a proper party plaintiff in the present suit, under Missouri law. On the other hand, unless and until he renounced all his rights under the will, he was required to be made a party to the litigation, and his interest, by legal imputation, was necessarily that of a defendant. For purposes of testing the jurisdiction of a federal court on the basis of diversity of citizenship, it is immaterial how the parties may have been designated in the pleadings, since the court must align them for jurisdictional purposes on the basis of their actual legal interests and the apparent results to them, if the object sought to be accomplished by the litigation is successful. City of Indianapolis v. Chase National Bank of City of New York, 314 U.S. 63, 69, 62 S.Ct. 15, 17, 86 L.Ed. 47; Thomas v. Anderson, 8 Cir., 223 F. 41, 138 C.C.A. 405. Plaintiffs accordingly are unable to contend that the trial court erred or abused its discretion in permitting Frank Bush to enter his appearance as a party defendant and to resist their attack upon the state court judgment.

■ We must hold, also, that the trial court was correct in declaring that it had no jurisdiction of plaintiffs' suit on the basis of a federal question being involved. Whether the will forgery and the perjury and other fraud, claimed to have been perpetrated by the proponents in the state court proceeding, would, if established, constitute sufficient grounds for annulling a judgment generally, in equity, there is no occasion for us to consider, because, even if they could, they present no question here arising under the Constitution of the United States, as plaintiffs contend.

The due process clause of the Fourteenth Amendment is not a guarantee against the use or results of perjury or fraud by parties to private litigation in state courts, uncountenanced by the general standards and processes of the state court system, nor

does it afford a constitutional basis for relief in the federal courts from a judgment in such litigation obtained by these means. The rule recognized in Pyle v. State of Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L. Ed. ——; Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406, and other cases, on which plaintiffs rely, has application only to public litigation in which authorities of the State, with responsibility for the litigation, have committed or countenanced a fraud or fundamental unfairness or other pollution of the judicial process, which has entered into a deprivation of life, liberty or property by the State. There is no violation of the Fourteenth Amendment in private litigation merely because the result is erroneous or unjust or has been achieved by improper practices on the part of one of the litigants, where the State's judicial processes are such as, on the basis of recognized principles, have afforded the parties a fair opportunity for hearing and determination by the court. Worcester County Trust Co. v. Riley, 302 U.S. 292, 58 S.Ct. 185, 82 L.Ed. 268; Central Land Co. of West Virginia v. Laidley, 159 U.S. 103, 16 S.Ct. 80, 40 L.Ed. 91; Fayerweather v. Ritch, 2 Cir., 91 F. 721.

But plaintiffs further contend that, if the forgery, perjury and fraud alleged to have been committed by the proponents do not constitute a ground for federal jurisdiction under the Fourteenth Amendment, there is still a violation of the due process clause, in that they are being deprived of their inheritance rights without ever having been served with summons or other valid process in the state court litigation.

The record indicates that service in the state court purported to have been had upon plaintiffs as non-residents, by publication of notice under section 891, Mo.Rev.St.1939, Mo.R.S.A. § 891. Plaintiffs argue that service could not thus be had upon those of them who were infants, but they should have been served with a copy of a summons, under the provisions for personal service against non-resident defendants in section 900, Mo. Rev.St.1939, Mo.R.S.A. § 900. This argument is without legal foundation. The provisions of the Missouri statutes as to form and service of process are applicable alike to infants and adults, except that there can be no voluntary acknowledgment of service under section 882 by or on behalf of an infant. Weber v. Weber, 49 Mo. 45; Baumgartner v. Guessfeld, 38 Mo. 36; Kansas City, St. J. & C. B. R. R. Co. v. Campbell, 62 Mo. 585. As to both infants and adults, personal service against non-residents under section 900 of the statutes is merely an alternative method to that of publication under section 891, and may optionally be made "in any of the cases mentioned in section 891", as the language of the statute indicates.

There is also no merit in the argument of plaintiffs that no publication could in any event validly be made under section 891, without the previous issuance of a summons, a return that "the defendant or defendants cannot be found", and a finding that the court is "satisfied that process cannot be served", as provided for in section 893. The requirements of section 893 apply only to cases where the plaintiff is not certain as to the fact of a defendant's non-residence or non-availability for service and so deems it necessary or advisable to have summons issued against him, or for other cautionary reason chooses to have this done. In cases where the plaintiff has made a positive allegation in his petition or by affidavit, under section 891, that a defendant is a non-resident and cannot be served in the state, no other order of publication or foundation for such an order is required than that provided for in the section itself.

But there is no occasion to discuss further the provisions of the Missouri statutes relative to service of process, for another reason also exists why the service upon plaintiffs in the state court proceeding cannot be claimed here to be violative of due process. Plaintiffs' attack upon the service proceeds upon the assumption that they were necessary parties to the will contest, but such is not the case under Missouri law.

Under Missouri law, the probating of a will in the probate court and a proceeding to contest the will in the circuit court are in rem proceedings. State ex rel. Mitchell v. Gideon, 215 Mo.App. 46, 237 S.W. 220; McCrary v. Michael, 233 Mo.App. 797, 109 S.W.2d 50; Campbell v. St. Louis Union Trust Co., 346 Mo. 200, 139 S.W.2d 935, 129 A.L.R. 316. The original probate of a will in Missouri is in common form. The statute fixes a limitation period during which any person interested in the probate may appear and institute contest proceedings in the cir-

cuit court. Section 538, Mo.Rev.St.1939, Mo.R.S.A. § 538, provides that "If any person interested in the probate of any will shall appear within one year after the date of the probate or rejection thereof, and, by petition to the circuit court of the county, contest the validity of the will, or pray to have a will proved which has been rejected, an issue shall be made up whether the writing produced be the will of the testator or not, which shall be tried by a jury, or if neither party require a jury, by the court." There is a further provision in section 540 that "If no person shall appear within the time aforesaid, then probate or rejection of such will shall be binding, saving to infants and persons of unsound mind, a like period of one year after their respective disabilities are removed."

The statute thus grants a right to challenge the validity of a will which has been probated in common form, for a one-year period only, except that an additional period is saved to infants and persons of unsound mind, under the conditions of section 540. The right to institute a will-contest proceeding, under Missouri law, is in the nature simply of a personal right to sue and, if it is not exercised within the limitation period, it ceases to exist. Campbell v. St. Louis Union Trust Co., 346 Mo. 200, 139 S.W.2d 935, 129 A.L.R. 316.

Plaintiffs do not here challenge the validity of these statutory provisions, as to the conclusiveness and finality of a common form probate upon the expiration of the time allowed for contesting the validity of the will, whether the heirs at law have had knowledge of the probate or not; and, indeed, the concept of the finality of such a common form probate, where a reasonable period has been granted for contest, is so deeply rooted in our law that its validity would hardly be open to question. As we have previously indicated, plaintiffs' attack has been rather upon the validity of the service had against them in the will-contest proceeding and the relation of its invalidity to due process, on the theory that they were necessary parties to the will-contest proceeding. But the Missouri cases clearly establish, as we have suggested above, that, in a proceeding brought by an heir at law to contest the validity of a will, the other heirs at law are not necessary parties, and the question of the validity of the service upon them is therefore immaterial. Ehrlich v.

Mittelberg, 299 Mo. 284, 252 S.W. 671; Kischman v. Scott, 166 Mo. 214, 65 S.W. 1031.

For the reasons stated, federal jurisdiction was lacking of plaintiffs' suit. The cases cited by plaintiffs in which a federal court has acted to annul a state court judgment have all involved diversity of citizenship.

The judgment of the trial court is affirmed.