BLUMENTHAL REAL ESTATE AND INVESTMENT COMPANY v. BROCH *et al.*, *Appellants*.

Division One, February 19, 1895.

Deed: DESCRIPTION: IDENTITY OF PREMISES. Where the east and west lines of a part of a lot as described in a deed correspond with each other within the fraction of a foot and with the known and fixed boundaries called for in prior deeds, the identity of the premises is not affected by the fact that the north and south lines are inconsistent and one must, and both may, be wrong.

*Appeal from St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

AFFIRMED.

*C. P. & J. D. Johnson* for appellants.

(1) The description relied on in the plaintiff's deed, the sole foundation of its title, if any it has, is fatally defective. *Johnson Co. v. Wood,* 84 Mo. 510;

*Ells v. Railroad,* 40 Mo. App. 172; Tiedeman on Real
Property, secs. 827, 828, 829, and cases cited; *State ex
rel. v. Railroad,* 114 Mo. 1.   (2) The possession of
defendant of the premises in dispute, for a period far
exceeding the limitations imposed by the statute, has,
in the absence of any conveyance extinguishing it,
ripened into a title in fee.

*Rassieur & Schnurmacher* for respondent.

(1) In ejectment, when plaintiff and defendant
claim through a common source of title, it is sufficient
for the plaintiff to deduce his title from the common
source; to that extent the rule that he must recover on
the strength of his own title is departed from.  *Huff v.
Morton,* 94 Mo. 405; *Smith v. Lindsey,* 89 Mo. 76;
*Miller v. Hardin,* 64 Mo. 545; *Brown v. Brown,* 45 Mo.
412; *Holland v. Adair,* 55 Mo. 40.   (2) The possession
of a tenant for life is not adverse to the reversioner or
remainder-man.   The life tenant can not, by his acts
and declarations, make his possession adverse so as to
enable himself, or others claiming under him, to invoke
the statute of limitations.  *Keith v. Keith,* 80 Mo. 125;
*Salmon's Adm'r v. Davis,* 29 Mo. 176.   (3) Where a
mistaken boundary line is assumed by the parties to be
the true line, but each only claims, and only intends to
claim, to the extent of his paper title, such possession
is not adverse to the true owner.  *Majors v. Rice,* 57
Mo. 384; *Houx v. Batteen,* 68 Mo. 84.   It will be pre-
sumed that the intention was to hold only to the true
line.  *Hamilton v. West,* 63 Mo. 93.   (4) The descrip-
tion in the conveyance of the Blumenthal heirs, of
December 3, 1890, in which Emilie W. Blumenthal and
defendant Jennie Broch joined, was sufficient.  A
glance at the plat, with the description of parcels 2 and
3 before it, will confirm the court in this view better
than the citation of a page of authorities.

BRACE, P. J.—This is an action in ejectment to recover possession of a parcel of land in the city of St. Louis, described in the petition as follows:

"A certain tract or parcel of land lying and being in the city of St. Louis and state of Missouri, and in city block number two thousand, eight hundred and ninety (2890) of said city of St. Louis, beginning at a point in the east line of an alley in said block, seventy-five feet north of the north line of Elwood street, and running thence northwardly along said alley line a distance of thirty-four feet, thence eastwardly thirty-two feet in a line parallel with the north line of Elwood street to a point, thence southwardly thirty-four feet in a line parallel with said alley line to a point, thence westwardly in a line parallel with said north line of Elwood street, a distance of thirty-two feet, to the place of beginning."

The petition is in common form; the answer a general denial, and a plea of the statute of limitations. The case was submitted to the court without a jury. Judgment for the plaintiff and the defendant appeals.

The facts are undisputed. In 1874 Augustus A. Blumenthal, senior, was the owner of the southeast quarter of said block number 2890, on the southwest corner of which was a small double brick house fronting thirty-four feet, two inches on Elwood street. In that year he put his daughter, Amelia W. Blumenthal, in possession of this house and the ground in the rear of it, running back one hundred and nine feet, around which he caused a fence to be built. On the ninth of December, 1875, he executed a deed conveying the lot to his son, Augustus A. Blumenthal, junior, in trust for the said Amelia W. for life, remainder in fee to the heirs of the grantor, by the following description: "A certain lot of ground situated in south St. Louis, in the county of St. Louis, state of Missouri, fronting

thirty-two feet on the north side of Elwood street, and running of that width seventy-five (75) feet to a lot of land in the same block, being a part of lot number 3, of block number 41, of Eiler's survey of the town of Carondelet, city block number two thousand, eight hundred and ninety (2890), bounded north by land of Blumenthal, east by the same, the grantor, south by Elwood street and west by an alley.''

It will be observed by the following diagram of the premises that this deed did not include the rectangular piece of ground, thirty-two by thirty-four feet, designated on the diagram by shaded lines, which is the land sued for, and which was within the inclosure aforesaid:

On the tenth of March, 1876, Augustus A. Blumenthal, senior, died, seized of the real estate in said quarter block not conveyed in said deed. By deed, dated the third of December, 1890, the heirs at law of the said Augustus A. Blumenthal, senior, deceased, including the said Amelia W. and the said Augustus A. Blumenthal, junior, and the defendant, Jennie Broch, who also signed and acknowledged the deed as trustee of the said Amelia, conveyed all their interest in the real estate in said quarter block to Berthold W. Blumenthal, by the following description:

"2. A lot of ground situate in block 2890 of the city of St. Louis, in the state of Missouri, and bounded on the east by Broadway, on the north by ground now or formerly owned by Madison Miller, on the west in part by an alley and in part by a lot of ground held in trust for Amelia W. Blumenthal, and on the south in part by said lot of ground so held in trust and in part by Elwood street. Said lot fronts one hundred and fifty feet, five inches, more or less on Broadway, and the northern half thereof runs westwardly a distance of some one hundred and thirty feet, more or less, to said alley, and the southern half thereof runs westwardly one hundred and seven feet, five inches, more or less, to said lot so held in trust as aforesaid, with a front on Elwood street of one hundred and seven feet, five inches, more or less.

"3. A lot of ground situate in block 2890 of the city of St. Louis and state of Missouri, and bounded on the south by Elwood street, on the west by an alley, and on the north and east by ground formerly of the estate of Augustus A. Blumenthal, deceased, and herein conveyed to said party of the second part. Said lot fronts thirty-two feet on Elwood street, and runs back northwardly seventy-five feet."

A like deed was made by the remaining heir on the sixth of December.

On the fourth of December, 1890, the said Berthold W. Blumenthal, by quitclaim deed, reconveyed all his interest "in and to a lot of ground situate in block 2890, of the city of St. Louis, in the state of Missouri, having a front on the north side of Elwood street thirty-two feet, with a depth northwardly of the width of seventy-five feet, and bounded on the south by Elwood street, on the west by an alley, and on the north and east by ground formerly owned by Augustus A. Blumenthal, deceased," to the said Amelia W. Blumenthal, being the same lot conveyed to him by paragraph *three* in the foregoing deed; and on the sixth of December, 1890, conveyed to Frederick W. Mott the same parcels of land described in paragraph *two* of the deeds from the heirs of Augustus W. Blumenthal, senior, to the said Berthold W., and on the twenty-third of December, 1890, the said Mott conveyed to plaintiff the same parcels of ground.

Afterward, on the twenty-ninth of April, 1891, the said Amelia W. Blumenthal conveyed the lot of ground described in the deed from Berthold W. Blumenthal to her, to the defendant, Jennie Broch, who was in possession at the time this suit was instituted on the twenty-first of January, 1893.

Mrs. Amelia W. Blumenthal was alive at the time of the trial and testified as a witness in the case, as follows: "As a matter of fact I never knew how many feet of ground north and south were inclosed by this fence, but I supposed all that was fenced in was my property, and I occupied all of it in person or by tenants, from the time the fence was erected up to the time I sold the premises to my daughter, the defendant. * * * The deed made by my father, giving me thirty-two by seventy-five feet, was executed by my

father before he died. It was given to me at first, but in a short time I handed it to my brother, Augustus, who was named in it as my trustee. It was not to be put of record until after my father's death, and it was not recorded until after he died. * * * I never had the lot of ground occupied by me surveyed. I never knew, until November, 1892, that the fence included to the north of Elwood street more than seventy-five feet. Up to that time I supposed my deed covered all the ground under fence.''

For obvious reasons, appearing on the face of the statement, the claim of title, by adverse possession, made by the defendant in the court below, is not urged here, her only contention now being, that the plaintiff must recover upon the strength of its own title; and that the tract in controversy is not within the description of its title papers. In other words, that it does not definitely appear that the premises are within the description of the second paragraph of the deed, from the heirs of Augustus A. Blumenthal, senior, to Berthold W. Blumenthal. It is only necessary to read that description in connection with the description of the boundaries of the lot held in trust for Amelia W. Blumenthal, as definitely fixed in the deeds, conveying the same, and which is called for by the second paragraph as a boundary, in the light of the foregoing diagram, drawn from these descriptions, to see at once that the premises in controversy are within the boundaries of the land conveyed by the heirs of Augusta A. Blumenthal, senior, to Berthold W., by paragraph 2 of their deed, and by him conveyed to Mott, and by Mott to the plaintiff, and not within the boundaries of Amelia W. Blumenthal's lot, described in her trust deed, conveyed by said heirs to the said Berthold W. by paragraph 3 of their deed, reconveyed by him to

the said Amelia W., and by her afterward conveyed to the defendant.

The fact that 'the length of the north and south lines are inconsistent and one or the other must, and both may, be wrong, in no way affects the identity of the premises, even if that identity was to be determined by the length of the lines, for in such case it would be determined by the length of the east and west lines, which correspond with each other within a fraction of a foot, and with the known and fixed boundaries called for by all the deeds; besides, the length of all the lines in the deed are stated only approximately and in case of discrepancy, they must be subordinated to such boundaries. The judgment is affirmed. All concur.