252 S.W.2d 521 (1952)
DAVIS
v.
DAVIS et al.
No. 42611.
Supreme Court of Missouri, Division No. 2.
November 10, 1952.
N. Murry Edwards and Ninian M. Edwards, St. Louis, for appellant.
Cox, Cox & Cox, Harvey B. Cox, William A. Moffitt, Jr., and Alexander M. Goodman, St. Louis, for respondents Mrs. Clyde Ridley and others.
*522 BOHLING, Commissioner.
Marie Davis instituted a proceeding to contest the will of Louegenia Wofford, deceased, in which Carrie Young, the sister and sole heir at law of Louegenia Wofford, deceased, intervened, and filed an answer and cross-petition. The main question is whether the administrator of the estate of Carrie Young, she having since died, can maintain the cross-petition filed by Carrie Young during her lifetime. The will of Louegenia Wofford disposed of real and personal property. The amount in dispute exceeds $7,500. Appellate jurisdiction is here.
This review is pending upon rehearing. An opinion by Ellison, J., was adopted upon original submission but a rehearing was granted. We think the conclusions previously reached were correct and we follow to a large extent the first opinion herein without the use of quotation marks.
Louegenia Wofford of St. Louis died March 20, 1944. She left two wills. Her will, dated May 18, 1943, was admitted to probate on April 8, 1944, and Marie Davis was appointed executrix of her estate. On April 11, 1944, a later will, dated October 30, 1943, was admitted to probate as the last will and testament of Louegenia Wofford, deceased. Mrs. Clyde Ridley was appointed executrix of said estate, and, according to the parties, the probate of the will of May 18, 1943, was set aside. Marie Davis was a beneficiary under both wills, but received a larger share of the estate under the will of May 18, 1943, and on May 15, 1944, she filed a petition to contest said will of October 30, 1943, on the grounds of undue influence and testatrix' mental incompetency.
Carrie Young was a sister of testatrix and her sole surviving heir at law. She was not a beneficiary under either of said wills, all devises and bequests being to the respondentsstrangers in the blood. She was granted leave to become a party to the suit instituted by Marie Davis, and on October 4, 1944, filed an answer and cross-petition therein. Her answer, briefly, adopted the charges in said petition attacking the validity of the will of October 30, 1943, and denied the allegations of the petition supporting the will of May 18, 1943. In her cross-petition she attacked the validity of both wills, the will of May 18 and the will of October 30, 1943, on the grounds of undue influence and testatrix' mental incompetency.
Carrie Young died on May 5, 1945, intestate, leaving Henry Davis, her son by a prior marriage, as her sole heir at law. On July 28, 1945, the death of Carrie Young was suggested, and a motion was filed to revive the cause in the name of Henry Davis, administrator of the estate of Carrie Young, deceased, which said motion was sustained on August 16, 1946.
Thereafter, the joint motion of Mrs. Clyde Ridley, as an individual and as administratrix aforesaid, and Annie Williams, filed January 26, 1951, to dismiss said cross-petition of Carrie Young was sustained on March 27, 1951, and said cross-petition was dismissed with prejudice.
Unless matters later discussed change the result, the Missouri authorities mentioned in the next paragraph require the overruling of appellant's stated contentions that the trial court erred in dismissing the cross-petition of Carrie Young and erred in ruling that appellant, as administrator of the estate of Carrie Young, deceased, could not maintain her action or cross-petition attacking the two wills of Louegenia Wofford, deceased.
The trial court's order only sustained that portion of the motion which sought to strike Carrie Young's cross-petition. The right to contest a will is entirely statutory. Our statute permits "any person interested in the probate of any will' to contest it within one year after the date of its probate. Section 468.580 RSMo 1949, V.A.M.S. The proceeding is in rem to determine the status of the paper writing, whether or not it is the will of the deceased. It is a right of action and not a property right. The interest of the contestant must exist at the time of the probating of the will. Carrie Young's right to contest the will of her sister was personal and died with her. It was neither assignable nor descendible. This question *523 was considered at length and so ruled in Braeuel v. Reuther, 270 Mo. 603, 606-610, 193 S.W. 283, 284[4, 8], L.R.A.1918A, 444, Ann.Cas.1918B, 533; and Campbell v. St. Louis Union Trust Co., 346 Mo. 200, 205 [1-3], 139 S.W.2d 935, 936[1-4, 8], 129 A.L.R. 316, Annotation, 324. Our law was similarly construed by the U. S. Circuit Court in Thomson v. Butler, 8 Cir., 136 F.2d 644, 647 [5, 6].
Appellant argues, among other things, that the contest of the will of May 18, 1943, must be adjudicated in addition to the contest of the will dated October 30, 1943. The probate courts have exclusive original jurisdiction over the probate or rejection of wills and the circuit courts have only derivative jurisdiction. The only judgment of the probate court in effect when the instant proceeding was instituted was the judgment admitting the will of October 30, 1943, to probate. Whether the will of May 18, 1943, is to probated or rejected as the last will and testament of testatrix in the event the will of October 30, 1943, be set aside is a matter for future determination. The circuit court, its jurisdiction being derivative, may not determine that issue in the first instance in this proceeding. Breeding v. Pack, Mo.Sup., 164 S.W.2d 929; Fletcher v. Ringo, Mo.Sup., 164 S.W.2d 904, 906[6]. The Braeuel and Campbell cases, supra, and Smith v. Smith, 327 Mo. 632, 37 S.W.2d 902, 904[6, 7], do not sustain appellant's contention. They are to the effect that a will contest is not finally terminated by the death of the contestant; that the contest vacates the action of the probate court admitting the will to probate, transfers the issue of devisavit vel non to the circuit court and, in the event of the death of the contestants, that the proponents must establish the questioned will in solemn from. Fletcher v. Ringo, Mo.Sup., 164 S.W.2d 904, 906[3, 4]; Hogan v. Hinchey, 195 Mo. 527, 533, 94 S.W. 522[1, 2].
But appellant's counsel also say the abatement statute, Section 507.100, subd. 1(1), RSMo 1949, V.A.M.S.; Laws Mo. 1943, p. 364, § 22(a)(1), in force when Henry Davis was appointed administrator of Mrs. Young's estate, is different from § 1042, R.S.1939, Mo.R.S.A., in force when the Braeuel and Campbell cases were decided. The former now reads [emphasis appellant's]: "If a party dies and the claim is not thereby extinguished, the court shall on motion order substitution of the proper parties. * * *" The latter previously provided; "No action shall abate by the death, marriage or other disability of a party, if the cause of action survive or continue."
Appellant's counsel assert: "The language of the two statutes is clearly distinguishable. The old statute referred specifically to the survival of the `cause of action,' whereas the new statute states that if `the claim is not extinguished' the Court shall order a substitution of the proper parties." On that point appellant cites Wormington v. City of Monett, 356 Mo. 875, 880, 204 S.W.2d 264, 266[1]. But there was no such question in the Wormington case, and the cause of action there did survive. We can see no substantial difference between the two statutes. The substitution of the word "claim" in the new for the words "cause of action" in the old makes no difference, at least under the facts here. The present statute was discussed in a monograph written by Judges Hyde and Douglas of this court and published in 2 Carr, Missouri Civil Procedure, p. 539. It pointed out that there was no practical difference in the word "claim" and the "controversial" words "cause of action" appearing in the former statute, and that the latter expression was "shunned throughout" the new code.
For his last point appellant says an order of the trial court on March 13, 1947, overruling a motion of respondents Mrs. Clyde Ridley, as an individual and as administratrix aforesaid, and Annie Williams to set aside its previous order reviving Carrie Young's cause in the name of Henry Davis, administrator of the estate of Carrie Young, deceased, and to strike from the files all pleadings of said Henry Davis, as administrator, was res judicata of the right of appellant to be a party to the suit, and, therefore, the order of March 27, 1951, from which this appeal was taken, is erroneous *524 and beyond the authority of the court. He also states that several other motions had been ruled in harmony with the order of March 13, 1947, prior to the order of March 27, 1951.
In State ex rel. L. J. Mueller Furnace Co. v. Buckner, 207 Mo.App. 48, 229 S.W. 392, 393[2-4], relied upon by appellant, the trial court, after dismissing relator's action for want of prosecution and overruling a motion to set aside said order and reinstate the case on the docket, refused to permit relator to file a second motion to like effect, relator not having sought or obtained the consent of the court so to do. That case differs from the instant case; but it concedes that the trial court may grant leave to a litigant to present again issues already decided under a former motion. By proceeding with the hearing on the instant motion and entering its order thereon, the trial court evidenced its consent and its action was equivalent to the granting of the necessary leave to file said motion. The matter presented was one of law. The policy of consistency in rulings at different stages in a pending case is a good policy, but so extending the policy that error may not be corrected would not be a sound rule of law. Trial courts review earlier rulings on motions for new trial, and errors not then corrected are for correction on appeal. The law does not require trial judges to refrain from correcting reversible error. Rolleg v. Lofton, Mo.App., 230 S.W. 330, 331 [1], states: "We think the trial court erred * * * in the first instance, and it was the duty of that court to correct that error at its first opportunity." Johnson v. Frank, 354 Mo. 767, 780[7], 191 S.W.2d 618, 624[10]; State ex. inf. McKittrick v. Wiley, 349 Mo. 239, 251[3], 160 S.W.2d 677, 684[10]. In the instant case Judge Mayfield, the last of the several circuit judges to sit in this case, reached the same conclusion we have adopted here, namely, that appellant, Henry Davis, administrator of the estate of Carrie Young, deceased, could not prosecute her will contest case in view of the Braeuel and Campbell cases, supra.
Accordingly, the judgment below is affirmed.
WESTHUES and BARRETT, CC., concur.
PER CURIAM.
The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All concur.