Marie DAVIS, Respondent,

v.

Henry DAVIS, Administrator of the Estate of Carrie Young, Deceased, Appellant,
and
Mrs. Clyde Ridley, Mrs. Clyde Ridley, Administratrix of the Estate of Louegenia Wofford, Deceased, Mrs. Annie Williams, Rose Williams, Bennie Williams, Dr. J. C. Harrston and Hallie Q. West, Respondents.

No. 44220.

Supreme Court of Missouri.

Division No. 2.

Dec. 12, 1955.

N. Murray Edwards, Ninian M. Edwards, St. Louis, for appellant.

Cox, Cox & Cox, Harvey B. Cox, William A. Moffitt, Jr., Alexander M. Goodman, St. Louis, for respondents.

STOCKARD, Commissioner.

This is an appeal by the administrator of the estate of Carrie Young, deceased, from the judgment that a paper writing dated October 30, 1943, constituted the last will and testament of Louegenia Wofford, deceased. The will disposed of property valued at more than $20,000.

Louegenia Wofford executed a will on May 18, 1943, and a second will on October 30 of the same year. She died on March 20, 1944, and the second will was admitted to probate on April 11, 1944. Marie Davis instituted a proceeding to contest the second will in which Carrie Young, the sister and sole heir at law of Louegenia Wofford, intervened and filed an answer and a cross-petition. Carrie Young was not named as a beneficiary in either will. In her answer she admitted the truth of the allegations in the petition filed by Marie Davis which contested the second will on the grounds of undue influence and mental incompetency of the testatrix, and she expressly adopted such allegations by reference as a part of her answer. She also denied that the first will was properly signed and witnessed while Louegenia Wofford was of sound mind. In the cross-petition Carrie Young challenged the sufficiency of both wills on the grounds of undue influence and mental incompetency of testatrix.

Carrie Young died, intestate, on May 5, 1945, and a motion to revive the cause in the name of Henry Davis, administrator of the estate of Carrie Young, deceased, the appellant herein, was filed on July 28, 1945, and sustained on August 16, 1946. Thereafter, on March 27, 1951, the trial court dismissed the cross-petition with prejudice, and in Davis v. Davis, Mo., 252 S.W.2d 521, 522, this court affirmed that action of the trial court. Reference is made to the opinion in that case for the reasons for the ruling.

On December 17, 1953, the will contest suit of Marie Davis came on for trial, and the trial court then sustained a motion to strike the answer of appellant and refused to permit counsel for appellant to participate in the trial of the case. A jury was waived by the plaintiff and by the proponents. Evidence was introduced to the court without a jury and judgment was entered sustaining the second will.

Appellant contends on this appeal that he was entitled to participate in the trial of the case, to present evidence and demand a jury trial because, even though his cross-petition had been dismissed, he "remained a party defendant to this action on his answer previously filed." He asserts as error the action of the trial court in striking his answer, in permitting the case to be tried without a jury over his objection, in failing to present to a jury the evidence of appellant that Louegenia Wofford was of unsound mind at the time of making her

second will, and in refusing to permit him to participate in the trial.

In the previous appeal, taken when the trial court dismissed appellant's cross-petition, this court held: "The proceeding (to contest the second will) is in rem to determine the status of the paper writing, whether or not it is the will of the deceased. It is a right of action and not a property right. The interest of the contestant must exist at the time of the probating of the will. Carrie Young's right to contest the will * * * was personal and died with her. It was neither assignable nor descendible." Davis v. Davis, supra.

■ The question decided in Davis v. Davis, supra, was whether appellant had the right to contest the second will, not whether the use of a cross-petition was the proper means of doing so. The cross-petition was dismissed because it was a means of attempting to contest the second will which appellant had no right to do. The answer of appellant, insofar as it made reference to the second will, consisted only of an adoption of the allegations in the petition of Marie Davis which constituted a contest of the second will. Although worded differently, the substance of the allegations incorporated by reference into the answer and the allegations in the cross-petition were substantially the same. They raised the same issues, that is, undue influence by the proponents of the second will and the mental competency of Louegenia Wofford to make a will. Those allegations incorporated by reference into the answer constituted a contest by the appellant of the second will of Louegenia Wofford, which is exactly what this court in Davis v. Davis, supra, ruled that appellant did not have the right to do. See also Braeuel v. Reuther, 270 Mo. 603, 193 S.W. 283, L.R.A.1918A, 444, Ann.Cas.1918B, 533; Campbell v. St. Louis Union Trust Co., 346 Mo. 200, 139 S.W.2d 935, 129 A.L.R. 316. The question if appellant has the right to contest the second will of Louegenia Wofford has already been decided adversely to him in a prior suit between the same parties. That issue is res judicata and can not be re-litigated whether subse-quently raised by another cross-petition, an answer or by some other pleading. In re Delany's Estate, Mo., 258 S.W.2d 613; Brink v. Kansas City, 358 Mo. 845, 217 S.W.2d 507; Shay v. New York Life Ins. Co., 354 Mo. 920, 192 S.W.2d 421; Laughlin v. Boatmen's National Bank of St. Louis, 354 Mo. 467, 189 S.W.2d 974.

■ Appellant's answer also challenged the sufficiency of the first will. In Davis v. Davis, supra, this court ruled that the trial court could not adjudicate a contest of the first will in the proceeding pending before it. The only judgment of the probate court in effect when the instant proceeding was instituted was the judgment admitting the second will to probate. Whether the first will should be probated or rejected as the last will and testament of Louegenia Wofford, in the event the second will was set aside, was not before the trial court. Probate courts have exclusive jurisdiction over the probate or rejection of wills and the circuit courts have only derivative jurisdiction. Breeding v. Pack, Mo., 164 S.W.2d 929; Fletcher v. Ringo, Mo., 164 S.W.2d 904; Davis v. Davis, supra.

■ The answer of appellant contained only allegations which constituted a contest of either the first or the second will of Louegenia Wofford. Appellant did not have the right to contest either will in the instant proceeding. Therefore, the trial court properly sustained the motion to strike the answer. Section 509.320 RSMo 1949, V.A. M.S.

The appellant contends that the trial court erred in permitting the trial of the will contest suit of Marie Davis without a jury over his objection, and that such action violated the due process provisions of the constitutions of Missouri and the United States, and also violated Article I, Section 22(a) of the V.A.M.S.Constitution of Missouri which provides that "the right of trial by jury as heretofore enjoyed shall remain inviolate". Appellant bases his contention that he was still a party to the will contest suit "on his answer previously filed," and he cites Garland v. Smith, 127 Mo. 567 and 583, 28 S.W. 191

and 196, 29 S.W. 836, to the effect that a proceeding to contest a will is an action at law in which the parties are entitled to a jury. But appellant was never a proper party to the will contest suit, and when the trial court struck out his answer, it did so because he was "a stranger to this suit" and, therefore, had no right to be a party.

■ Appellant cites no case and we have found none which holds that in this situation the provisions in the Missouri Constitution pertaining to due process and the right to trial by jury, include in their protection persons not entitled to be a party to a proceeding and who have no legal interest therein. The parties to the suit could and did waive a jury, Section 510.190 RSMo 1949, V.A.M.S., and appellant was not in a position to object.

In Campbell v. St. Louis Union Trust Co., supra, [346 Mo. 200, 139 S.W.2d 939], the plaintiff in a will contest suit died while the action was pending in the trial court, and an heir requested to be substituted as a party plaintiff. This court held that the heir had "no interest" in the litigation and refused to revive the cause in his name. The heir claimed that he had been denied due process and the right to trial by jury. It was there stated that, "We have held that where no property right is involved, it cannot be said that the denial of a right to sue violates the due process protection afforded by the (Missouri and United States) Constitutions", and the denial of the right to be substituted as a contestant in a will contest suit does not violate the right to trial by jury where there exists no right to be substituted as a contestant. We have read carefully the cases cited by appellant, but they pertain only to the rights of those who are rightfully parties to a proceeding or to those who must be made or have the right to become parties.

■ Appellant next argues that even if his answer was properly stricken and he did not have any right to participate in the trial of the will contest suit of Marie Davis, the trial court should have presented to a jury the evidence preserved by him in deposition form and filed in the case.

Appellant had taken and filed the depositions before his cross-petition had been dismissed and his answer stricken. Appellant bases his position on Braeuel v. Reuther, supra. In that case the will contest suit had been tried and the contestants appealed to this court from a judgment sustaining the will. While the appeal was pending the contestants died. A motion was filed in this court to revive the cause in the name of the administrators of the contestants, and the proponents filed a motion to abate. After ruling that the motion to revive in the name of the administrators should be overruled, the court then ruled that the will contest suit did not abate by reason of the death of the contestants, and that others who have the required interest in the probate of the will may be made parties upon application. It was then stated that whether or not such application is made, the court, having acquired jurisdiction, should finally determine the issue before it. In the course of the opinion in the Braeuel case [270 Mo. 603, 193 S.W. 286], reference was made to the situation where a contestant in a will contest suit died while the case was pending before the trial court. It was stated that the duty then devolves upon "the trial court to see that it (the will contest suit) is finally determined". This means that it is the duty of the trial court to determine the issue on the record then or subsequently made by those entitled to make a record. It does not mean that the trial judge is to become a proponent, or a contestant of the will as appellant would have him do, and it does not mean that the trial court should make its determination on a record made in part by non-party strangers with no legal interest in the subject matter of the suit.

■ Appellant's contention that he should have been permitted to participate in the trial of the case is without merit. Persons who are not parties and who have no legal interest in a law suit are not entitled to participate.

■ An administrator or executor has the right to appeal from any judgment affecting him or his duties in such a manner that he is thereby a "party to a suit ag-

grieved by any judgment". Section 512.020 RSMo 1949, V.A.M.S.; Love v. White, 348 Mo. 640, 154 S.W.2d 759, 760. But, "an administrator, or anyone else, who does not have the right to control the litigation, or is not a necessary or proper party to the suit or who has no interest in the subject matter or who is not injured by the judgment or who, in short, is not 'aggrieved' by the judgment does not have the right to appeal." Love v. White, supra.

The administrator of the estate of Carrie Young, deceased, was not a "party to a suit aggrieved by any judgment" and his appeal should be and is dismissed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.