**Ludovic MARTIN et al., Plaintiffs-Appellants,**

**v.**

**Louis MARTIN et al., Defendants-Respondents.**

**No. 9477.**

Missouri Court of Appeals,
Springfield District.

Aug. 2, 1974.

Motion for Rehearing or To Transfer to Supreme Court was Denied, Aug. 21, 1974.

Application to Transfer Denied
Oct. 14, 1974.

---

**3.** But see 17 U.C.L.A.L.Rev. 626 (1969–70) for a discussion on an application of Chimel v. California to the search of an automobile.

Melvin E. Carnahan, Rolla, for plaintiffs-appellants.

Ronald J. Fuller, B. B. Turley, Routh & Turley, Rolla, for defendants-respondents.

ROBERT P. WARDEN, Special Judge.

In this jury-tried action to contest a will devising real estate, the trial court's judgment was in favor of defendants-respondents, the proponents of the will. The sole questions on appeal are whether there was prejudicial error in giving Instruction No. 2 and the failure to give Instruction No. 9.

The background of the will contest itself is of little relevance, as the appeal only involves a proper interpretation of the form of MAI. However, a short summary may be in order. Mathilde E. Martin died in 1972 at the age of 95, leaving a will which had been made in 1960. The contest involves her seven children and three grandchildren. The plaintiffs-appellants are two of the children and the three grandchildren. The defendants-respondents are the other five children. The appellants contested the will in the trial court by alleging testamentary incapacity on the part of Mrs. Martin and undue influence of the respondents in procuring the execution of the will. The trial court ruled in favor of the defendants. All that remains on appeal is whether the giving of Instruction No. 2 and the failure to give Instruction No. 9 constituted reversible errors on the part of the trial court.

I.

The first point to be considered is whether or not prejudicial error was committed by the court's giving Instruction No. 2 because it failed to comply with the Notes on Use for MAI 31.06.

Instruction No. 2, as given, reads as follows:

"Your verdict must be that the document in issue is the last will and testament of Mathilde E. Martin if you believe:

"First, the document was signed by Mathilde E. Martin and declared by her to be her last will and testament and,

"Second, that at the time of signing, Mathilde E. Martin was of sound and disposing mind and memory, and

"Third, that the document was attested by at least two competent witnesses, signing their names to the document in her presence and at her request.

"[U]nless you believe the document in issue is not the last will and testament of Mathelde [sic] E. Martin by reason of Instruction No. 3. MAI 31.06"

Instruction No. 3 reads as follows:

"Your verdict must be that the document dated April 16, 1960, is not the last will and testament of Mathilde E. Martin if you believe that Mathilde E. Martin signed the document as a result of the undue influence of Louis Martin. MAI No. 32.18"

Instruction No. 2 is identical to MAI 31.06; however, the Notes on Use indicate that the word "competent" must be omitted if this is not an issue. Appellants allege that submitting this point to the jury simply pointed out a supposed failure on the part of plaintiffs' evidence. There is some question raised by respondents that there was in fact, or may have been, an issue raised as to the competency of the attesting witness. The only evidence in the transcript concerning competency of a witness occurs during the cross-examination of Mr. Theobald. It is apparent that the parties to this case did not consider competency of the subscribing witnesses to be an "issue" in the case, certainly not an issue for the purposes of MAI Notes on Use. The competency of Mr. Theobald was brought up incidently to cross-examination and was not a main issue.

Inasmuch as there was no main issue as to competency of the attesting witnesses, was it error to give Instruction No. 2 in light of the Notes on Use in MAI concerning 31.06? The burden of proof in this case rested upon the respondents to show that the document in issue was the last will and testament of Mrs. Martin. Braeuel v. Reuther, 270 Mo. 603, 193 S.W. 283 (1917). This was considered by the jury in Instruction No. 7. Appellants, the constestants of the will, had absolutely no burden to show any evidence they chose not to show. The only side which could have conceivably been prejudiced was the respondents' because they increased their own burden of proof since they need not have included the word "competent", but chose to do so.

We hold the giving of Instruction No. 2 constituted no prejudicial error as to the appellants.

## II.

Did the court err in failing to give Instruction No. 9?

Instruction No. 9 reads as follows:

"Your verdict must be that the document dated April 16, 1960, is the last will and testament of Mathilde E. Martin if you believe:

"First, the document was signed by Mathilde E. Martin and declared by her to be her last will and testament, and

"Second, that at the time of signing, Mathilde E. Martin was of sound and disposing mind and memory,

"Unless you believe that Mathilde E. Martin signed the document as a result of the undue influence of Louis Martin."

As can be seen, the main difference between Instruction No. 2, which was given, and Instruction No. 9, which was rejected, is that Instruction No. 9 omits the phrase given in MAI No. 31.06: "Third, that the document was attested by at least

two (competent) witnesses, signing their names to the document in her presence and at her request." Appellants maintain that this variance from MAI No. 31.06 was proper because the issues of execution and testamentary capacity should not be submitted unless they are developed and supported by evidence as issues. The respondents, on the other hand, maintain adherence to the MAI form was proper as the MAI form should be used to the exclusion of any other. Moreover, no prejudice to appellants can be demonstrated by the inclusion of the phrase in question.

Pasternak v. Mashak, 392 S.W.2d 631 (Mo.App.1965), cited by appellants, is not in point inasmuch as it refers to the giving of an instruction where there is no evidence upon which to base it, a reversible error, and in this case the error came about when contestant's instruction on testamentary capacity was given to the jury where there was insufficient evidence to take the issue to the jury. That is completely different from the giving of a proponent's instruction which is mandated by the obligatory burden of proof on proponent. In the former case, a burden is placed upon the proponents of the will to disprove the allegations made by the contestants and if there is insufficient evidence for such an instruction it would be prejudicial to the proponents. In the latter case, no burden is placed upon contestants unless they choose to present evidence of their own accord, therefore no prejudice could result.

For purposes of this case, the competence of the witnesses was a neutral issue which presentation in the instructions could neither help nor hinder appellants' case. The respondents were merely following the general rule given by Supreme Court Rule 70.01(b), V.A.M.R., which states:

"Whenever Missouri Approved Instructions contains an instruction applicable in a particular case which the appropriate party requests or the court decides to submit, such instruction shall be given to the exclusion of any other on the same subject."

As was discussed under the first allegation of error, the respondents had the burden of proof on proper attestation of the will, which included the issue of competency of witnesses. Appellants could then pick and choose which part they would contest. Appellants did not have the burden of disproving all of the elements for their case, so a reasonable jury could not assume there was a failure of proof by appellants when they did not respond to paragraph number 3 of Instruction No. 2. Moreover, respondents also note the contradiction in appellants' argument that the latter's only complaint with Instruction No. 2 was that it contained the word "competent". By this limited complaint they implied that it was proper that the instruction require that the will be attested by "witnesses"—if not "competent" witnesses. "Therefore, if it was proper for the third paragraph of Instruction No. 2 (less the word 'competent') to stand, the giving of Instruction No. 9 would have been error since it contained no requirement of attestation by any witness."

■ It should be noted that the Committee's Comment following MAI 31.06 states that the issues submitted to the jury "need not be submitted to the jury unless contestants offer proof to the contrary." It does not say "must not".

We hold that no prejudice could have resulted to appellants in this case because submission of the competency of the attesting witnesses could not have pointed out a failure on the part of plaintiffs' evidence; we also hold that appellants cannot show prejudice because of the insertion of the word "competent" in Instruction No. 2, as this changed not in the least the burden of proof of the appellants; a reasonable jury ought to recognize this.

The judgment of the trial court is therefore affirmed.

STONE, Acting C. J., and BILLINGS, J., concur.

HOGAN, C. J., and TITUS, J., not participating.